IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PA

BRANDON DANTE' BARNES , PRO SE
#JZ4781
SCI BENNER TOWNSHIP
301 INSTITUTION DRIVE
BELLEFONTE, PA 16823

        PLAINTIFF.

           V.

COMPLAINT
CIVIL ACTION No. 19-202J

**RECEIVED**

NOV 18 2019

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

C/O KYLE MEDVA , SGT. POBORSKY , C/O KOPELIC , C/O FISHER , C/O GERBER , MARK , LT. TURNER , C/O BORNSTNAR , SGT. WHITACRE , C/O LOMONDE , C/O CAPUTA , DR. KAUFFMAN , C/O SHROMER , LT. BOYCE , AL JOSEPH , C. WADSWORTH DS. F.M. , B. SALAMON DSCS , U.M. MS. McCLELLAND , GRIEVANCE COORDINATOR CHRISTIE SCHENCK , SCI SOMERSET SECURITY DEPT. , LT. THOMAS , SCI SOMERSET MAILROOM , MS. LAFFE PYSCH , MR. CARO , MS. PYLE , LT. WALTERS , LT. WASHABAUGH , C/O SCOTT , C/O GIBSON , C/O YING INGI , C/O REESEMAN , MS. FULMER PYSCH , C/O SHULTZ , C. WIEGLE MAILROOM SUPERVISOR , BRIAN HYDE JAMES BARNACLE OSSI , MELISSA HAINSWORTH FACILITY MANAGER OF SCI SOMERSE E. TICE F.M. , DORINA VARNER , KERI MOORE , S. WIGGINS HEX. , C/O TRESSLER B.M. DECKER , COUNSELOR RITENOUR , OVERMYER F.M. , MAJOR TULLER , LT. ABBOTT , C/O SWITZER , SGT BLYTHE , C/O MURPHY , LT. KIM , LT LINDSEY , C/O ROSE , LT. KILLINGER , ZACHARY MOSLAK CHIEF HEARING EXAMINER , INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES ,

    DEFENDANTS

PLAINTIFF BRINGS THIS ACTION AGAINST THE ABOVE NAMED DEFENDANTS IDENTIFIED ON THE FOLLOWING CAUSE OF ACTION:

## I. JURISDICTION & VENUE

1. THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION UNDER COLOR OF STATE LAW OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES . THIS COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343 (A)(3) . & SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS STATE LAW CLAIMS UNDER 28 U.S.C. 1367 . PLAINTIFF SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C. SECTION 2201 AND 2202 . PLAINTIFFS CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. SECTION 2283 & 2284 AND RULES 65 OF THE FEDERAL

1

Rules of Civil Procedure.

2. The United States District Court for the Western District of Pennsylvania is an appropriate venue under 28 U.S.C. 1391(b)(2). Because it is district where the events giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff Brandon Dante Barnes, is and was at all times mentioned here in a prisoner of the state of Pennsylvania in the custody of the PA. DOC. He is currently confined in SCI-Benner Township in Bellefonte, PA

## DEFENDANTS

4. Defendant, Melissa Hainsworth is the facility manager of SCI-Somerset she is legally responsible for the operation of Somerset and for the welfare of all the inmates on that prison.

5. Defendant E. Tice is the facility manager of SCI-Somerset he is legally responsible for the operation of Somerset and the welfare of all the inmates in that prison.

6. Defendant C. Wadsworth is the deputy facility manager of SCI-Somerset he is legally responsible for the operation of Somerset and the welfare of all the inmates in that prison.

7. Defendant B. Salamon is the deputy central service of SCI-Somerset who at all times mentioned was the D.S.C.S at SCI-Somerset

8. Defendant Overmyer is the facility manager of SCI-Forest he is legally responsible for the operation of ~~Somerset~~ Forest and for the welfare of all inmate in that prison.

9. Defendant Mr. Caro is the deputy facility manager of SCI-Somerset he is legally responsible for the operation of Somerset and the welfare of all inmates in that prison.

10. Defendant Ms. Pyle is the deputy facility manager of SCI-Somerset she is legally responsible for the operation of Somerset and the welfare of all inmates in that prison

11. Defendant Kyle Medvit is a correctional officer of the PA D.O.C. who at all times mentioned in this complaint held rank of C/O #1 and was assigned to SCI-Somerset.

12. Defendant Sgt. Pobersky is a correctional officer of the PA D.O.C. who at all times mentioned in this complaint held rank of sargeant and was assigned to SCI-Somerset

13. DEFENDANT C/O KOPELIC IS A CORRECTIONAL OFFICER OF THE PA D.O.C. WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF C/O #1 AND WAS ASSIGNED TO SCI-SOMERSET.

14. DEFENDANT C/O FISHER IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF C/O #1 AND WAS ASSIGNED TO SCI-SOMERSET.

15. DEFENDANT C/O GERBER IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF C/O #1 AND WAS ASSIGNED TO SCI-SOMERSET.

16. DEFENDANT C/O MARKS IS A CORRECTIONAL OFFICER OF THE PA DOC. WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF C/O #1 AND WAS ASSIGNED TO SCI-SOMERSET.

17. DEFENDANT LT. TURNER IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF LT AND WAS ASSIGNED TO SCI-SOMERSET.

18. DEFENDANT C/O BORNSTNAR IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF C/O #1 AND WAS ASSIGNED TO SCI-SOMERSET.

19. DEFENDANT SGT WHITACKER IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF SGT AND WAS ASSIGNED TO SCI-SOMERSET.

20. DEFENDANT C/O LOMONDE IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF C/O #1 AND WAS ASSIGNED TO SCI-SOMERSET

21. DEFENDANT C/O CAPITA IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF C/O #1 AND WAS ASSIGNED TO SCI-SOMERSET

22. DEFENDANT, DR. KAUFMAN IS A DOCTOR OF THE PA D.O.C. WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT WAS A DOCTOR ASSIGNED TO SCI-SOMERSET

23. DEFENDANT C/O SHROMER IS A CORRECTIONAL OFFICER OF THE PA D.O.C WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF C/O #1 AND WAS ASSIGNED TO SCI-SOMERSET

24. DEFENDANT LT. BOYCE IS A CORRECTIONAL OFFICER OF THE PA. D.O.C. WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF LT. AND WAS ASSIGNED TO SCI-SOMERSET

25. DEFENDANT AL JOSEPH IS THE GRIEVANCE COORDINATOR OF SCI-SOMERSET WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT WAS GRIEVANCE COORDINATOR OF SCI-SOMERSET

26. DEFENDANT CHRISTIE SEMENCK IS THE GRIEVANCE COORDINATOR OF SCI-SOMERSET WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT WAS GRIEVANCE COORDINATOR OF SCI-SOMERSET

27. DEFENDANT MR. McCLELLAND IS A UNIT MANAGER OF THE RHU OF SCI-SOMERSET WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT WAS THE UNIT MANAGER OF RHU IN SCI-SOMERSET

28. DEFENDANT LT. THOMAS IS A CORRECTIONAL OFFICER OF THE PA D.O.C. WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF LT. AND WAS ASSIGNED TO SCI-SOMERSET.

29. DEFENDANT MS. LAFFE IS A PSYCHOLOGIST OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT WAS PSYCHOLOGIST AT SCI-SOMERSET.

30. DEFENDANT LT. WALTERS IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF LT. AND WAS ASSIGNED TO SCI-SOMERSET

31. DEFENDANT LT. WASNA RAVGH IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF LT. AND WAS ASSIGNED TO SCI-SOMERSET

32. DEFENDANT $^{C/O}$ SCOTT IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF $^{C/O}$ #1 AND WAS ASSIGNED TO SCI-SOMERSET.

33. DEFENDANT $^{C/O}$ GIBSON IS A CORRECTIONAL OFFICER OF THE PA D.O.C. WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF $^{C/O}$ #1 AND WAS ASSIGNED TO SCI-SOMERSET

34. DEFENDANT $^{C/O}$ YINGLING IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF $^{C/O}$ #1 AND WAS ASSIGNED TO SCI-SOMERSET

35. DEFENDANT $^{C/O}$ REESEMAN IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF $^{C/O}$ #1 AND WAS ASSIGNED TO SCI-SOMERSET.

36. DEFENDANT MS. FULMER IS A PSYCHOLOGIST OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT WAS A PSYCHOLOGIST AT SCI-SOMERSET.

37. DEFENDANT $^{C/O}$ SHULTZ IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF $^{C/O}$ #1 AND WAS ASSIGNED TO SCI-SOMERSET.

38. DEFENDANT C. WIEGLE IS THE MAILROOM SUPERVISOR OF SCI-SOMERSET WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF MAILROOM SUPERVISOR AT SCI-SOMERSET.

39. DEFENDANT JAMES BARNACLE IS A OFFICER OF THE PA D.O.C. WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT IS THE OFFICER OF OSSI IN CENTRAL OFFICE OF PA DOC.

40. DEFENDANT DORINA VARNER IS THE CHIEF GRIEVANCE OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT WAS THE CHIEF GRIEVANCE OFFICER OF THE PA D.O.C.

41. DEFENDANT KERI MOORE IS THE CHIEF GRIEVANCE OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT WAS THE CHIEF GRIEVANCE OFFICER OF THE PA DOC.

42. DEFENDANT S. WIGGINS IS THE HEARING EXAMINER OF SCI-SOMERSET WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT WAS THE HEARING EXAMINER OF SCI-SOMERSET.

43. DEFENDANT C/O TRESSLER IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF C/O #1 AND WAS ASSIGNED TO SCI-SOMERSET.

44. DEFENDANT DECKER IS THE BUSINESS MANAGER OF SCI-SOMERSET WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT WAS THE B.M. OF SCI-SOMERSET

45. DEFENDANT RITENOUR IS A COUNSELOR OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT WAS A COUNSELOR AT SCI-SOMERSET

46. DEFENDANT MAJOR TILLER IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT WAS THE MAJOR OF SCI SOMERSET.

47. DEFENDANT LT. ABBOT IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF LT AND WAS ASSIGNED TO SCI-SOMERSET.

48. DEFENDANT C/O SWIETZER IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF C/O #1 AND WAS ASSIGNED TO A SCI-SOMERSET

49. DEFENDANT SGT BLYTHE IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF SGT AND WAS ASSIGNED TO SCI-SOMERSET.

50. DEFENDANT C/O MURPHY IS A CORRECTIONAL OFFICER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF C/O #1 AND WAS ASSIGNED TO SCI-SOMERSET.

51. DEFENDANT LT-KIM IS A CORRECTIONAL OFFICER OF THE PA D.O.C. WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF LT. AND WAS ASSIGNED TO SCI-SOMERSET.

52. DEFENDANT LT LINDSEY IS A CORRECTIONAL OFFICER OF THE PA D.O.C WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF LT AND WAS ASSIGNED TO SCI-SOMERSET.

53. DEFENDANT C/O ROSE IS A CORRECTIONAL OFFICER OF THE PA D.O.C. WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF C/O #1 AND WAS ASSIGNED TO SCI-SOMERSET.

54. DEFENDANT LT. KILLINGER IS A CORRECTIONAL OFFICER OF THE PA DOC. WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK OF LT. AND WAS ASSIGNED TO SCI-SOMERSET.

55. DEFENDANT ZACHARY MOSLAK IS THE CHIEF HEARING EXAMINER OF THE PA DOC WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT WAS THE CHIEF HEARING EXAMINER OF THE PA D.O.C.

56. EACH DEFENDANT IS BEING SUED INDIVIDUALLY AND IN HIS/HER official CAPACITY AT all TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER THE COLOR OF ~~STATE~~ STATE LAW

## III. FACTS

57. ON NOVEMBER 7TH 2017 AT DINNER TIME AT SCI-SOMERSET DURING THE INSTITUTIONS MEAL LINE MOVEMENT.

58. 1 PLAINTIFF WAS WAITING IN LINE FOR MEAL IN CHOW HALL #3 FOR ABOUT 10 MINUTES OF WHICH PLAINTIFF LEARNED THAT CHOW HALL #3 RAN OUT OF FOOD 3 IT WAS SAID TO BE A TWENTY MINUTE WAIT BY STAFF IN CHOW HALL.

59. 1 PLAINTIFF THEN NOTICE STAFF ALLOWING INMATES TO LEAVE 3 GO TO CHOW HALL #2 NEXT DOOR DUE TO THE DELAY OF FOOD IN CHOW HALL #3.

60. UPON PLAINTIFF LEAVING FOLLOWING SUIT OF TRAFFIC. DEFENDANT C/O MEDVA TELLS PLAINTIFF "GO BACK TO YOUR FUCKING BLOCK". "YOU NOT EATING.

61. 1 PLAINTIFF THEN WENT TO SPEAK TO THE SARG PORBORSKY TO INFORM HIM OF THE SITUATION.

62. WHILE DOING SO DEFENDANT C/O MEDVA FOLLOWS PLAINTIFF LEAVING HIS POST.

63. DEFENDANT C/O MEDVA BECOMES EXTREMELY AGITATED 3 STARTED HARRASSING PLAINTIFF.

64. WHILE PLAINTIFF IS TRYNA SPEAK TO DEFENDANT SGT PORBORSKY, THE DEFENDANT C/O MEDVA SCREAMS "SHUT THE FUCK UP 3 GO BACK TO THE BLOCK PUSSY" TO PLAINTIFF.

65. DEFENDANT C/O MEDVA THEN TELLS PLAINTIFF "GET THE FUCK ON THE WALL".

66. PLAINTIFF LISTENED ~~TO~~ DEFENDANT C/O MEDVA PAT SEARCHES PLAINTIFF ROUGHLY FOR NO REASON ONLY TO ANTAGONIZE PLAINTIFF 3 TELLING PLAINTIFF HE WILL FUCK HIM UP.

67. IN CONCLUSION OF SEARCH PLAINTIFF PLEADS HIS CASE ABOUT MEAL.

68. WHILE DOING SO DEFENDANT C/O MEDVA ASK PLAINTIFF FOR HIS I.D.

69. PLAINTIFF GIVES DEFENDANT C/O MEDVA HIS I.D. UPON HANDING DEFENDANT C/O MEDVA HIS I.D. C/O MEDVA SNATCHES PLAINTIFFS I.D. SNAPS IT IN HALF 3 SAYS "YOUR I.D. IS ALTERED NOW YOU REALLY CANT EAT".

70. PLAINTIFF ASKED FOR HIS I.D. BACK DEFENDANT C/O MEDVA SAYS "GET THE FUCK OUTTA HERE 3 GO BACK TO THE BLOCK.

71. PLAINTIFF SEEK A FEMALE SGT AND REQUESTED TO SPEAK TO HER 3 DEFENDANT C/O MEDVA SAYS "NO".

72. While all this is going on SGT PORBORSKY <u>DEFENDANT</u> is right there & does nothing.

73. Plaintiff then request to speak with the white shirt.

74. Defendant c/o Medva says "Gato him on the walk pussy".

75. Plaintiff asks for his I.D. back so he can leave & do so.

76. Defendant c/o Medva then screams "Get the fuck on the wall to plaintiff.

77. Plaintiff obeys order & while doing so.

78. Defendant c/o Medva starts off by smacking plaintiffs in the head smacking plaintiffs hat off his head & states to plaintiff "I'll kick your ass out here".

79. Plaintiff replys " I dont want no trouble sir."

80. Defendant c/o Medva continues to aggressively search plaintiff.

81. Defendant c/o Medva then starts kicking plaintiff in his lower legs saying "spread ya legs" while plaintiffs legs are all ready spreaded.

82. Plaintiff then asks for a white shirt.

83. Defendant c/o Medva then reaches & grabs plaintiffs hand & wrist in a forceful manner.

84. Plaintiff remains calm & states "I dont want no trouble I was just tryna eat.

85. Defendant c/o Medva then pulls out O.C. spray & tells plaintiff to "shut the fuck up." Then puts the spray back.

86. Defendant c/o Medva then states to defendant SGT Porborsky "Im bout to fuck Barnes up."

87. While plaintiff is still on the wall hands on the wall in a pat search position. (which is a non combative stance & harmless)

88. Defendant c/o Medva out of no where grabs plaintiff wrapping his arms, hands around plaintiffs waist & crotch area & slams plaintiff to the ground.

89. At this point Defendant c/o Medva begans to scuffle with plaintiff.

90. STAFF COMES OVER & SLAMS PLAINTIFF ON GROUND BREAKING THEM UP.

91. AT THIS POINT PLAINTIFF IS ON THE GROUND FACE & CHEST DOWN WITH 6-8 STAFF ON TOP OF HIM CUFFING PLAINTIFF UP IMMOBILIZING HIM.

92. WHILE PLAINTIFF IS IN HANDCUFF DEFENDANT C/O GERBER PUNCHES PLAINTIFF WITH OBJECT ON PLAINTIFFS BOTTOM BACK SIDE.

93. AT THIS POINT DEFENDANTS ARE STILL ON TOP OF PLAINTIFF STRIKING PLAINTIFF

94. DEFENDANT C/O MEDVA GRABBS PLAINTIFF RIGHT FOOT & STARTS TO TWIST & TURN PLAINTIFF FOOT & ANKLE PLAINTIFF FELT HIS ANKLE POP.

95. PLAINTIFF SCREAMS "MY ANKLE MY ANKLE" & DEFENDANT C/O TWIST EVEN MORE

96. PLAINTIFF SCREAMS "MS.K IM CUFF IM NOT RESISTING"

97. STAFF ARE STILL ON TOP OF PLAINTIFF WHILE LETTING PLAINTIFF BE ASSAULTED A C/O SPRAYS PLAINTIFF IN THE FACE & HEAD WITH 2 BOTTLES OF O/C SPRAY SAYING "FUCC YOU NIGGER".

98. THEN DEFENDANT C/O MEDVA STARTS YELLING "WHERE'S HIS FUCKING HEAD AT?! WHERE'S HIS FUCKING HEAD AT!!

99. DEFENDANT C/O MEDVA THEN GOES OVER TO WHERE PLAINTIFF HEAD IS AT & STARTS SUCKER PUNCHING PLAINTIFF IN THE BACK OF HIS HEAD & FACE 3 TO 5 TIMES WHILE PLAINTIFF IS BEING PINNED ON THE GROUND BY STAFF.

100. PLAINTIFF SAYS "AW MY HEAD STOP HITTING ME."

101. THE LT ARRIVES WITH CAMERA

102. STAFF PICKS PLAINTIFF UP & ESCORTS PLAINTIFF TO MEDICAL.

103. WHILE WALKING PLAINTIFF IS HOPPING ON ONE LEG CAUSE HE IS IN PAIN CUZ HE CANT WALK ON HIS RIGHT FOOT.

104. UPON ARRIVING TO MEDICAL WHILE ON CAMERA PLAINTIFF EXPLAINS TO NURSE KATHLEEN WAITE THAT HE HAS BEEN ASSAULTED & HE IS SEVERELY INJURED BECAUSE OF IT.

105. PLAINTIFF FURTHER STATED HE WANTS PICTURES TAKEN OF ALL HIS INJURYS

106. INJURIES TO NOTE WERE A FRACTURED ANKLE, A CUT & BRUISE ON LEG FROM BEING KICKED, 4 BIG LUMPS, BRUISE & CUTS ON THE BACK OF PLAINTIFF HEAD LOSS OF EYE SIGHT, SWOLLEN RIGHT EYE.

107. PLAINTIFF REQUESTED TREATMENT ALL HE GOT WAS HIS FOOT WRAPPED UP.

108. PLAINTIFF REQUESTED FOR HIS EYES TO BE CLEAN C/O'S ATTEMPTED TO NOT ALLOW NURSE TO LET PLAINTIFF GET HIS EYES CLEAN.

109. NURSE WAITE SAID NO SHE CAN CLEAN PLAINTIFFS EYES DOWN HERE 3 SHE WATERED PLAINTIFFS EYES AT MEDICAL SINK

110. THRU THE COURSE OF ALL THIS AT MEDICAL C/O'S WERE TRYNA RUSH TO GET PLAINTIFF OUT OF MEDICAL AS AN ATTEMPT TO COVER UP THE DAMAGE

111. PHOTOS WERE TAKEN PLAINTIFF REQUESTED ALL HIS INJURIES BE ON THERE 3 TAKEN SOMEHOW ONLY PICTURES TAKEN WERE ONLY OF THE TOP OF PLAINTIFF HEAD, EYES 3 HANDS.

112. PLAINTIFF MADE ALL OF THESE REQUEST ON CAMERA IN THE ESCORT VIDEO OF WHICH REQUEST WERE DENIED.

113. PLAINTIFF WAS THEN ESCORTED TO RHU 3 PLACED ON HA POP 15 CELL.

114. PLAINTIFF FILED GRIEVANCE ON 11-18-17 WHICH WAS REVIEWED BY OSSI 3 INVESTIGATED BY SCI-SOMERSET DEFENDANT LT. TIM BOYCE OF SECURITY DEPT.

115. ON MARCH 21, 2018 PLAINTIFF RECIEVED THE INITIAL REVIEW RESPONSE WHICH CONTAINED 4 SENTENCES CLAIMING IT UNSUBSTANTIATED 3 OSSI DEEMED SATISFACTORY.

116. PLAINTIFF WAS NEVER INVESTIGATED OR INTERVIEWED AND DEFENDANT LT. BOYCE SWEPT IT UNDER THE RUG PROVIDING NO EXPLANATION.

117. PLAINTIFF REASON OF APPEAL WERE ASSERTED (APPEAL TO F.M. HAINSWORTH) SEE EXIBIT OF APPEAL.

118. PLAINTIFF APPEALED TO DEFENDANT F.M. HAINSWORTH ALL HIS CLAIMS 3 3 REASON OF APPEALLING 3 SHE UPHELD DEFENDANT LT. BOYCE RESPONSE.

119. PLAINTIFF APPEALED TO ~~DEFENDANT~~ ~~DORINA VARNER~~ S.O.I.G.A. OF WHICH DORINA VARNER 3 DEFENDANT KERI MOORE CLAIMED PLAINTIFF CONCERNS HAVE BEEN ADEQUATELY ~~BEEN~~ ADDRESSED 3 THE ALLEGATIONS WERE INVESTIGATED IN ACCORDANCE WITH DC-ADM. 001 3 DETERMINED UNSUBSTAINTIATED.

120. DEFENDANTS LT. BOYCE, OSSI, F.M. HAINSWORTH, 3 S.O.I.G.A. FAILED TO REMEDY THE WRONG DOING AFTER LEARNING THE SITUATION AT HAND.

121. Following this assault incident the retaliation began.

122. The next day on Wednesday November 8TH 2017 while Plaintiff was housed in HA #15 cell. At between 6:15-6:45 a.m.

123. Defendant C/O Marks was doing his first round while doing so Defendant C/O Marks states "You fuck with medva you fuck with me!."

124. Defendant C/O Marks kept walking then said "Ima fuck you then make you eat this dick up Barnes."

125. Defendant C/O Marks walks off Pod 3 states "You gone learn today you fake ass Tookie Williams."

~~[struck through illegible line]~~

126. Following this incident on the same day November 8TH 2017 while Plaintiff was in HA #15 cell.

127. At breakfast Defendant C/O Marks 3 Defendant C/O Bornstnar were passing out breakfast trays.

128. Defendant C/O Bornstnar states "What cell that pussy medva fucked up in."

129. Defendant C/O Marks replied "15 I got him".

130. Upon passing out breakfast trays Plaintiff was at his door following all rules to retrieve his meal.

131. Defendant C/O Marks walks pass Plaintiffs door denying Plaintiff his meal.

132. Plaintiff asked for his breakfast tray 3 Defendant C/O Marks states "as long as im here serving these trays you'll never eat bitch". "We on ya ass". "No yard. No showers and no law library".

133. Plaintiff asked for the SGT or LT. Press his button and said he was in fear for his life.

134. Defendant LT. Turner stated "Thats what you get pussy".

135. Following this incident on the same day 11/8/17 while Plaintiff was in HA #15 cell.

136. Defendant C/O Marks an retaliation authored 3 issued a fabricated m/c see m/c   Plaintiff recieved 135 days for M/C # B995007.

131. Plaintiff went to hearing & Defendant S. Wiggins refused to review witnesses & denied Plaintiff any chance to prove his innocence & gave Plaintiff 135 days D/C time ran C/S.

138. Further following this incident after being deprived breakfast & recieving m/e on this same day.

139. Upon issuance of lunch trays by Defendant C/O Bornisinar again. Plaintiff was deliberately deprived his lunch meal in retaliation.

140. Plaintiff asked for his meal & Defendant C/O Bornisinar stated "only thing you can eat is this cock".

141. Plaintiff pressed his call button request for help & ask for Lt. Sarci. & nothing was done. Plaintiff again let it be known to staff doing rounds of whats going on & that he fears for his life nothing was done.

142. On the next day 11/9/17 while Plaintiff was in HA #15 cell the retaliation continued.

143. Upon passing out breakfast trays while Plaintiff was following all rules to recieve his meal.

144. Defendant C/O Lomonde deliberately deprive Plaintiff his meal refusing to feed Plaintiff & stated "This is what happens when you fuck with medva". & never fed Plaintiff his breakfast.

145. Defendant Lt. Turner & Defendant Sgt Whitacre did nothing Plaintiff again relayed his concerns for his safety. Nothing was done as the campaign of continued retaliation & harrassment continued.

146. Following this incident on the same day while Plaintiff was in HA #15 cell. on 11/9/17.

147. Upon issuance of lunch trays Plaintiff was following all procedures to recieve his meal

148. Defendant C/O Caputa was passing out trays & deliberately denied Plaintiff his meal depriving Plaintiff of two days worth of meals.

149. After this Plaintiff seen the nurse Amanda Sueland passing out medication Plaintiff had to scream for help & tell the nurse he was suicidal cuz he couldnt be protected. This only way for him to be protected is to get off block & under observation.

11

150. PLAINTIFF WAS THEN TAKEN TO P.O.C. ON 11/9/17 OF WHICH PLAINTIFF WAS HOUSED IN P.O.C. #3 CELL FROM 11/9/17 TO 11/15/19 FOR HIS OWN SAFETY.

151. FURTHER WHILE PLAINTIFF WAS IN P.O.C. IN MEDICAL DEFENDANT DR KAUFMAN CONFIRMED THE INJURIES ON PLAINTIFFS HEAD. BUT REFUSE TO TAKE PHOTOS HE FELT ALL THE LUMPS & SEEN EVERYTHING STATED IN THIS ACTION.

152. NURSE ROXIE SEEN PLAINTIFF'S INJURY TO HIS LEG AND FOOT PRESCRIBED PLAINTIFF FOR PAIN MEDICATION.. PLAINTIFF REQUESTED AN XRAY & DIDNT RECIEVE ONE UNTIL 12/20/17 & IT CONFIRMED PLAINTIFFS INJURIES.

153. THEY STILL DEPRIVE PLAINTIFFS REQUEST FOR PHOTO'S BEING TAKEN OF MY INJURIES THAT STEMMED FROM PLAINTIFF BEING ASSAULTED BY STAFF.

154. OF WHICH MEDICAL DEPT. CONSPIRED IN HELPING THEIR CO-WORKERS COVER THIS INCIDENT UP.

155. FURTHER THE RETALIATION CONTINUED WHEN PLAINTIFF RETURNED BACK TO RHU FROM P.O.C. ON NOVEMBER 15TH 2017 & PLACED IN HD #23 CELL.

156. OF WHICH ALL PLAINTIFFS PROPERTY HE HAD IN HA #15 CELL BEFORE GOING TO P.O.C. WAS DESTROYED OF WHICH ONES WITNESSE CLAIMED IT WAS DEFENDANT C/O TRESSLER WHO DESTROYED PLAINTIFFS PROPERTY WHEN HE WAS TAKEN TO POC.

157. PLAINTIFF HAD HIS BASIC ISSUE 3 BOXERS, 3 TSHIRTS, 3 SOCKS, 2 TOWELS HIS 2 M/C'S & FORMS THAT COME WITH THEM. GRIEVANCES WITH STAFF NAMES ON IT. WRITTEN LEGAL NOTES DATES TIMES INCIDENT & ADDRESSES.

158. PLAINTIFF ASKED C/O BLOUGH & C/O CRUMMITT DID THEY KNOW WHERE HIS PROPERTY & NO ONE COULD FIND IT.

159. C/O CRUMMITT WAS THE PROPERTY OFFICER WHO GAVE PLAINTIFF HIS BASIC ISSUE.

160. PLAINTIFFS PROPERTY WAS NEVER FOUND.

161. RETAILIATION CONTINUED ON NOVEMBER 30TH 2017 AT BETWEEN 8:45 A.M. - 8:55 A.M.

162. WHILE PLAINTIFF WAS AT HIS DOOR IN HD #23 CELL, PLAINTIFF OBSERVE DEFENDANT C/O GERBER TALKING TO ANOTHER INMATE OF WHICH DEFENDANT C/O GERBER STATED "THAT BLACK MONKEY BARNES IS A FUCKING RAT (REFERRING TO GRIEVANCES) THATS WHY I CANT BE BACK HERE WITH YOU. DONT WORRY IMA GET HIS BLACK ASS AGAIN IT AINT FUNNY WHEN THE WHITE MAN GOT THE GUN."

12.

163. In conclusion of the conversation defendant c/o Gerber concluded with flashing & displaying the white power signal & hand sign WP.

164. Further on this same day the campaign of retaliation & harrassment continued while plaintiff was in his cell HO #23 cell.

165. On November 30th 2017 at 11:20am to 11:30am defendant c/o Shromer & defendant c/o Gerber were at 24 cell searching.

166. While defendant's Gerber had inmate & defendant c/o Shromer was searching cell 24.

167. Defendant c/o Gerber stated "Barnes is next I cant wait." Thats the one that medva fucked up & wrote us up for beating his ass."

168. Upon conclusion of the search of 24 cell defendant c/o Shromer & defendant c/o Gerber came to plaintiffs door HO #23 cell.

169. While at plaintiff's door defendant c/o Shromer states "This is a every 30 day cell search."

170. Plaintiff states" When did this rule start are you sure you arent talking about a cell security inspection cause I never heard of this".

171. Defendant c/o Gerber responded & states" Stop filing grievances like a bitch you lucky you didnt fight medva on the streets cuz I would of hung you nigger KKK style."

172. Plaintiff then told defendants to get a white shirt & a camera because he doesnt feel safe coming out his cell around them.

173. Defendant c/o Shromer & defendant c/o Gerber called plaintiff a pussy & walked off.

174. Defendants c/o Shromer & defendant c/o Gerber came back with a camera defendant c/o Shromer searched plaintiffs cell & defendant c/o Gerber held camera.

175. While searching plaintiff cell defendant c/o Gerber pushes the trash can in plaintiffs cell in a agitated way.

176. Defendant c/o Shromer begans throwing plaintiffs property in the trash.

13

177. Defendant C/O Shrumer threw a large yellow legal envelope which contained legal documents such as affidavits, plaintiff federal habeas corpus which was due at this time.

178. No confiscation slip was given to plaintiff for none of plaintiffs property that was thrown away.

179. Plaintiff tried to report this issue & was ignored.

180. Further this retaliation continued in the course of filling grievances to all claims mention grievance coordinator Al Joseph retaliated against plaintiff.

181. Defendant Al Joseph innaccuratly has rejected plaintiffs grievances from getting processed, refusing to answer plaintiffs request slips, refusing to send response to grievances ignoring the wrong doing of plaintiffs claims after plaintiff continuously noted all violation, providing erroneous decision on why grievances were rejected knowing plaintiff complied with everything down playing issues.

182. Of which 8 grievances were rejected & plaintiff had to appeal in which they were remanded due to plaintiff being right.

183. Further retaliation continued on December 28th 2011 plaintiff spoke with defendant U.M. McClelland & counselor Ritenour about his transfer & why is plaintiff still in the institution.

184. They inform plaintiff that the security dept has to send them the transfer petition. However deputy Price had informed plaintiff that plaintiff was getting transferred due to staff seperation.

185. However plaintiff was told he had to do his DC time then he will be transferred.

186. Plaintiff had 315 days DC time & continues to be retaliated against and hasnt be able to shower, get razor, auto yard caring plaintiff to fear for his life due to all events that transpired.

187. Plaintiff end up going on a hunger strike for 4 days to get the transferred situation addressed immediately cause a substantive risk exists as long as he his housed in SCI-Somerset - which led to security dept starting transfer petition.

188. Further retaliation continued when RHU staff were refusing to give Plaintiff his extra legal box to retain this legal work of which Plaintiff was all ready approved for.

189. Plaintiff had 6 cases in court he was litigating at the time.

190. Plaintiff was in the RHU since November 7th 2017 & did not finally get his legal box till February 2018.

191. Plaintiff sent numerous request to U/M. McCleland (Defendant) to get approved & she dragged her feet for months to approve Plaintiff for something he was already approved for.

192. Further retaliation continued.

193. On January 19th 2018 Plaintiff signed up for yard however upon staff running yard at 830am

194. While Plaintiff was at his door in compliance to recieve his yard while housed in HB#6cell.

195. Defendant Sgt Whittacker came to Plaintiff door & stated to Plaintiff "Stop filing grievances on my guys you fucking rat i fuck ya yard" and denied Plaintiff his yard.

196. Then Defendant C/O Bornstinaa stop at Plaintiffs door on the side and said to Plaintiff "you wanna rat on me you fucking cop" "When ya mom come up here to see you ima follow that bitch home & rape that bitch". Defendant C/O Bornstinaa said this out loud.

197. Before this incident Defendant C/O Bornstinaa was instructed to temporally restrict himself from Plaintiffs housing unit or anywhere near Plaintiff unless responding to an emergency.

198. Further retaliation & harassment continued on January 20th 2018 while Plaintiff was housed in HB #6 cell.

199. While issuing out jumpsuits & linen exchange Defendant C/O Bornstinaa walks past Plaintiffs cell antagonizing him & stated "You're burnt bitch hold ya tray so i can come in there so i can rape you" as he walks past Plaintiffs cell denying Plaintiff the opportunity to exchange his jumpsuit & linen.

200. Further retaliation continued on January 23rd 2018 while Plaintiff was housed in HB #6cell.

201. While Plaintiff was in Accordance To Recieve his Yard on this Day.

202. Defendant c/o Bornsinar is taking yard list. And goes to Plaintiff cell 3 tells plaintiff " Take ya clothes off 3 touch ya toes, wighile it let me see that Tigiant ass." And Denied Plaintiff his Expersize Yard.

203. Plaintiff felt so disrespected 3 violated he began crying in anguse.

204. Plaintiff reported incident to Defendant L.T. Turner 3 he tells plaintiff he doesnt give a fuck "stop filing Grievances" 3 plaintiff was Deprived his yard.

205. Further retaliation continued after Plaintiff had been charged and his legal mail was being open outside his Presence almost 10 occassions.

206. Plaintiff wrote mail room 3 told them to stop on Numerous occassions.

207. On Feburary 23, 2018 Plaintiff kept recieving his legal mail already open from his attorney. Plaintiff wrote it up 3 his legal mail has been open on an occassional basis.

208. Further retaliation continued of which Plaintiff was in need to contact his Family to obtain $400 to pay for a stenagrapher for his court procceding.

209. Plaintiff contacted counselor Ritenour Defendant Ms. McClelland 3 other staff to recievea phone call 3 was Denied access.

210. Plaintiffc attorney william Barkal even called defendant christs schenck. 3 she said plaintiff wasnt allowed cause he was in Rhu.

211. Plaintiff hearing was postponed twice because of this.

212. Further retaliation continued on Feburary 29th 2018. Plaintiff spoke with counselor ritenour about why he wasnt read his 90 day review by Prc when plaintiff was in Rhu since 11/7/19.

213. Plaintiff was Deprive his opportunity to be reviewed 3 ultimately never got reviewed.

214. Further retaliation continued against Plaintiff.

215. Of when Plaintiffs Grand Dad Past away of which Plaintiffs Granddad is Dennis Edwards the lead singer of legendary music group the temptations. Ato the time of Death due to plaintiffs Grandads social status plaintiff found out his grand dad death thru the CNN News.

16

216. DUE TO DEATH IN THE FAMILY PLAINTIFF PURSUED TO GET A GIFT A PHONE CALL TO SPEAK TO HIS FAMILY OF WHICH PLAINTIFFS IMMEDIATE FAMILY WAS GONE FOR ALMOST A MONTH IN BIRMINGHAM, ALABAMA & DETROIT, MICHIGAN.

217. SO PLAINTIFF WAS UNABLE TO WRITE HIS FAMILY BECAUSE OF IT & COULD ONLY REACH HIS FAMILY THRU THE PHONE.

218. PLAINTIFF BROUGHT THIS TO THE PSYCH DEFENDANT MS. LATFE & ENTIRE UNIT TEAM & CHAPLAIN & LAST SPOKE WITH COUNSELOR RITENOUR ON 2/28/18.

219. & PLAINTIFF WAS DEPRIVED A PHONE CALL TO CONTACT HIS FAMILY DURING THIS TROUBLING TIME.

220. FURTHER AFTER PLAINTIFF WENT THRU ALL THE RETALIATION IT CONTINUED.

221. WHEN ON MARCH 1ST, 2018 PLAINTIFF WAS ORDERED TO PACK UP ON THURSDAY AND WAS TRANSFERRED MARCH 2ND 2018 THE NEXT DAY ON FRIDAY & ISOLATED TRANSFERRED TO SCI-FOREST.

222. ONCE PLAINTIFF ARRIVED TO SCI FOREST PLAINTIFF WAS PLACED IN STGMU & PER EXECUTIVE PRIVELAGE PROGRAM WAS SAID REASON

223. HOWEVER PLAINTIFF WAS NEVER TOLD OR GIVEN NOTICE HE WAS BEING PLACED IN THE STGMU PROGRAM.

224. PLAINTIFF WAS SUPPOSE TO BE TRANSFERRED DUE TO STAFF SEPERATION & NOTHING TO DO WITH ANY STG ACTIVITY.

225. PLAINTIFF WAS NEVER PROVIDED REASON WHY HE WAS PLACED IN THE STGMU

226. PLAINTIFF WAS NEVER PROVIDED OF WHO PLACED HIM INTO THE STGMU.

227. PLAINTIFF WAS NEVER REVIEWED / ASSESSED BY PYSCH DEPT. TO DETERMINE IF HE WAS ABLE TO BE PLACED IN THE STGMU.

228. & TO THIS DAY PLAINTIFF WAS NEVER PROVIDED ANY FACTS OR EVIDENCE AS NEEDED TO PROVE ANY STG ACTIVITY & PLACEMENT.

229. PLAINTIFF LEARNED HE WAS PLACED INTO STGMU BECAUSE OF ALLEGE STAFF ASSAULT WHICH IS NOT STG RELATED AT ALL OR GROUNDS TO BE PLACED IN STGMU.

230. FURTHER PLAINTIFF WAS NEVER REVIEWED BY PRC

231. THE TRANSFERRAL & PLACEMENT INTO STGMU FOR NO REASON LED TO FURTHER RETALIATION ONCE PLACED INTO PROGRAM.

232. THE COMPLAINT FURTHER PLAINTIFF WAS TAKEN BACK TO SCI-SOMERSET FOR COURT IN SOMERSET COUNTY FOR THE INCIDENT THAT OCCURRED AT SCI-SOMERSET.

233. UPON ARRIVING ALL PLAINTIFFS PROPERTY CAME UP MISSING ON TRIP TO SCI-SOMERSET WHICH PLAINTIFF HAD TO WAIT 10 DAYS FOR HIS PROPERTY WHICH LED TO PLAINTIFF GOING TO HEARING UN PREPARED.

234. FURTHER PLAINTIFF WAS PULLED OUT FOR PRC REVIEW ON 5/11/18 FROM 12 P.M. TO 12:30 P.M. WHICH ALL REVIEW ARE AUDIO RECORDED.

235. AT THIS POINT PLAINTIFF ASKED FOR CLARITY OF WHY HE WAS PLACED INTHE STGMU 3 THAT NO ONE AT SCI-FOREST PROVIDED PLAINTIFF WITH REASON OF WHY.

236. DEFENDANT MS. PYLE ANSWERED 3 STATED " BECAUSE YOU ASSAULTED ONE OF OUR OFFICERS .

237. THAT WAS THE REASON PLAINTIFF WAS PLACED INTHE STGMU WHICH IS A LONG TERM SOLITARY CONFINEMENT PROGRAM FOR INMATES DISPLAYING GANG ACTIVITY THAT CONSTITUTES A THREAT TO SECURITY.

238. OF WHICH DEFENDANT MS. PYLE CLAIM LACKS MERIT 3 MAKE PLAINTIFF PLACEMENT UNJUSTIFIABLE 3 PLAINTIFF WAS NEVER REVIEWED SEEN OR HEARD TO CHALLENGE IT.

239. SCI-SOMERSET CONTINUES TO OPERATE WITH CORRUPTION 3 OPPRESION TOWARDS INMATES CREATING A TOXIC ENVIRONMENT 3 HAZARDS FOR STAFF AGAINST INMATES.

240. PLAINTIFF WAS HOUSED IN A CELL WHERE CALL BUTTON DID NOT WORK CREATING A SAFETY HAZARD.

241. FURTHER HAZARDS 3 SAFETY CONCERNS CONTINUE AS IT PERTAINS TO THE CAMERAS OF WHICH EVERY TIME SOMETHING HAPPEN TO OCCUR 3 THE TRUTH IS NEEDED TO CONFIRM IF SOMETHING HAPPEN THERE IS ALLWAYS SOMETHING WRONG WITH CAMERA FOOTAGE EITHER ITS UNAVAILABLE OR OUTTA SIGHT OR DELETED FOR STORAGE CONCERNS WHICH HINDERS THE INVESTIGATION OF ALL PLAINTIFFS CLAIMS.

242. FURTHER RETALIATION CONTINUED ON MAY 16TH 2018 WHILE HOUSED IN HBF 24 CELL IN SCI-SOMERSET.

243. STAFF ON 6-2 SHIFT DENIED THE WHOLE ENTIRE UNIT YARD WHEN IT WAS 80 DEGREE WEATHER WHICH PLAINTIFF WAS DEPRIVED HIS YARD 3 THE OPPURTUNITY TO SIGN UP AS WELL AS RECIEVE YARD THIS AFFECTED ALL 24 CELLS ON HB POD IN WHICH STAFF IN RVW ON 6A.M TO 2P.M SHIFT USE THIS TACTICI TO DEPRIVE INNMATES.

244. FURTHER RETALIATION CONTINUED ON THE SAME DAY MAY 16TH 2018 AT 12:50 P.M. WHILE PLAINTIFF WAS IN HB #24 CELL.

245. PLAINTIFF WAS NOTIFIED BY C/O CHRISTNER 3 C/O IBARRA THAT HIS CELL WAS ABOUT TO BE SEARCHED PER DEFENDANT SGT WHITACRE EVERY 30 DAYS.

246. HOWEVER PLAINTIFF INFORMED THEM HE'S ONLY BEEN HERE 2 WEEKS IF THAT.

247. DEFENDANT C/O SCOTT JOINED 3 REPLIED "STOP FILING GRIEVANCES ON MY SHIFT YOU FUCKING COP".

248. PLAINTIFF IGNORED HIM 3 GRABBED A PEN 3 PAPER WROTE THE TIME 3 DATE DOWN. DEFENDANT C/O SCOTT THEN TOLD PLAINTIFF "HE WILL SHOOT HIM THE HEAD" 3 HE GOT SOMETHING FOR PLAINTIFF.

249. PLAINTIFF WAS THEN TAKEN TO THE SHOWER 3 HIS CELL WAS SEARCHED.

250. ALL STAFF SEARCHING PLAINTIFFS CELL AT THIS POINT WERE DEFENDANTS SGT WHITACRE, C/O BERNSTNER, C/O SCOTT, C/O GIBSON, C/O YING LINK, C/O REESMAN WHILE C/O CHRISTNER 3 C/O IBARRA ACCOMPANIED PLAINTIFF BY SHOWER.

251. HOWEVER IN CONCLUSION OF THIS SEARCH PLAINTIFF WAS TAKEN BACK TO HIS CELL.

252. UPON REACHING CELL PLAINTIFF FOUND HIS CELL DESTROYED ALL HIS LEGAL WORKK THROWN ALL OVER THE CELL, 2 BOXES WORTH 3 ALL PLAINTIFFS PROPERTY THROWN ALL OVER THE PLACE 3 SHUFFLE. PLAINTIFF WAS MISSING BOOKS COSEMETICS AND A SHIRT.

253. ONCE PLAINTIFF SEEN HIS CELL HE STOP 3 SAID TO DEFENDANT C/O SCOTT "ARE YOU SERIOUS" C/O SCOTT YELLED BACK HE WAS GONNA BLOW PLAINTIFF HEAD OFF.

254. PLAINTIFF ASK C/O CHRISTNER CAN HE SPEAK TO LT. KULHAGER TO GET PICTURES OF THE SCENE OF HIS CELL LT NEVER CAME.

19

255. However Defendant V.W. Ms. McClelland came to plaintiff's door while I was writing of which side only came to the plaintiff's door cuz Defendant C/O Scott said plaintiff had a sheet on his window.

256. However plaintiff informed her of the situation at hand & that he wanted to get pictures of this sheet so plaintiff wont be accused of being a liar.

257. So at this time 1:25 pm. to 1:35 pm when Defendant Ms. McClelland informed plaintiff about having a sheet up for a privacy screen

258. Defendant Ms. McClelland told plaintiff if he did it again all his property will be taken & he will be put on paper & linen restriction.

259. Plaintiff assured Defendant Ms. McClelland he did not have an privacy screen up. She said this happen on 5/15/18. Plaintiff told her this wasn't true, & told her he is only here for court & all he has is his legal work cosmetics & books & he was never warned.

260. Plaintiff then told Defendant Ms. McClelland to protect himself from further fraud & slander he will give her all his bed linen to assure her that he is not putting anything up for visual protection.

261. Which b-q staff staff are using privacy screen & covering windows as a prop to take all inmates cell property knowing plaintiff has sheets.

262. Because of this plaintiff went a whole month freezing cold sleeping with no blanket, sheets or pillow case.

263. Further retaliation continued the next day on May 17th 2018 while plaintiff was housed in HB-B34 cell.

264. Defendant C/O Scott was passing out razors in the morning plaintiff refused his razor cuz he has been told prior he has not been here long enough.

265. However Defendant C/O Scott informed plaintiff out loud while passing out razors that plaintiff wasn't allowed razor cuz he was a snitch bitch & told plaintiff to stop writing his guts up "& the only way plaintiff can recieve his razor is if he kills himself with it.

266. Plaintiff states he wante to speak with the LT.

20

267. Defendant C/O Scott replied " if you keep it up ima write you up & put you on paper & linen restriction & restricted movement.

268. Defendant C/O Scott has been harrassing plaintiff & making threats & insults since plaintiff arrived May 1st 2018.

269. Plaintiff hasn't been able to shave since May 1st 2018.

270. Further retaliation was displayed of which SCI-Somerset Psych Dept. conspired w/ staff at SCI-Somerset portraying on paper that plaintiff was receiving mental health treatment when plaintiff has not had a Psych review or been assessed since entering SCI Somerset in September 2016.

271. Plaintiffs last time being assessed was at SCI-Greene in 2016.

272. However defendant Psych ms. Fulmer & ms. Laffe & male Psych have been down playing & sabotaging mental health needs making it seems as the plaintiff has no mental health needs when thats not the case.

273. Due to this plaintiffs mental health has been deteriorating caused plaintiff has been dealing with it himself.

274. As parties mentioned above never gave plaintiff treatment.

275. Of which plaintiff has insomia, PTSD that has been going untreated since being in SCI-Somerset.

276. Plaintiff can't sleep at night wakes up in the middle of the night in cold sweats at times from nightmares experiences anxiety issues, hypertension, uneasy with heavy mood swings, at times erupting from built up stress from mind racing from experiences in his life that at times makes plaintiff paranoid and lately traumatized from being beat up & assaulted, & oppressed by staff at SCI-Somerset and at times having suicidal thoughts.

277. Plaintiff informed them of this in writing & nothing was done.

278. Then Psych Dept conspired with SCI-Somerset to throw plaintiff in the stamu knowing what plaintiff has been thru.

279. Further more on May 17th 2018 plaintiff was reviewed by PRC present were defendants mr. Caro, major Tiller, ms. McClelland, Lt. Killinger, Lt. Kasperko, counselor ritenour, Psychms. Laffe, Psych ms. Fulmer & male Psych.

21

280. of which PLAINTIFF PRESSED THE ISSUE OF STAFF TREATMENT TOWARDS him 3 INMATES. 3 STAFF IN GENERAL on COUNTLESS OCCASIONS AS mentioned in THIS COMPLAINT THING 2 HAPPEN PLAINTIFF BRINGS IT TO THE ATTENTION OF STAFF SUPPERVISORS 3 NOTHING IS DONE 3 STAFF ARENT BEING HELD ACCOUNTABLE, FAILING TO BRING LIGHT 3 APPROACH THEIR OWN STAFF WHICH THERE IS A CONSTANT CYCLE OF CHAOS THAT GOES UNADDRESSED 3 BY THEM NOT ADDRESSING ISSUES PROPERLY ITS NOW'S THEY ARE COMFORTABLE WITH IT GOING ON. WHICH PROMOTES THESE ISSUES COMMITTED BY STAFF leaving THE FIRE LIT WHICH MAKES STAFF FEEL like THEY CAN DO WHATEVER THEY WANT 3 TREAT PEOPLE However THEY WANT AND NOTHING HAPPENS MAKING STAFF FEEL LIKE THEY ARE IRREPLACEABLE CUZ THEY ARE NOT BEING HELD ACCOUNTABLE. AS STAFF CONTINUE TO GET AWAY WITH EVERYTHING BUT ITS A PROBLEM WHEN ANY INMATE DOES SOMETHING.

281. FURTHER RETALIATION CONTINUED AGAINST PLAINTIFF ON MAY 17th 2018 WHILE HOUSED IN HB#24 CELL. DEFENDANT counselor RITENOUR CAME TO PLAINTIFF DOOR TO GIVE PLAINTIFF AN INMATE NOTIFICATION INVESTIGATIVE RESULT OF PREA REPORT OF WHICH THE RESULTS WERE DETERMINED BY MS. PYLE which SHE CLAIMED WAS UN SUBSTAINTIATED. 3 THAT THERE ISN'T known EVIDENCE TO PROVE INCIDENT HAPPEN OR DID NOT HAPPEN 3 CLOSES THE INVESTIGATION.

282. THERE WAS NEVER AN INVESTIGATION CONDUCTED PLAINTIFF WAS NEVER INTERVIEWED VIDEO WAS NEVER REVIEWED SO How WAS THERE AN INVESTIGATION WHICH DEFENDANT MS. PYLE FAILED TO DO.

283. DEFENDANT MS. PYLE DOWNPLAYED ENTIRE ISSUE ALLOWING PLAINTIFF TO BE RETALIATED AGAINST BY THE SAME STAFF MEMBERS KNOWING A SUBSTANTIVE RISK EXIST.

284. DEFENDANT MS. PYLE PROVIDES THE SAME RESPONSE TO EVERY RATIONALE SHE EVEN GAVE PLAINTIFF SOMEONE'S ELSES PREA REPORT.

285. FURTHER RETALIATION CONTINUED ON ~~CATTED~~ JUNE 4th 2018 BETWEEN 8AM-310:00AM WHILE PLAINTIFF WAS HOUSED IN HB#24 CELL

286. DEFENDANT LT WALTERS CAME AROUND OF WHICH PLAINTIFF CALLED LT. TO HIS CELL OF WHICH PLAINTIFF GAVE LT. A REQUEST SLIP TO BE PLACED ON RHU HAIR CUT LIST CUZ PLAINTIFF WAS THERE FOR 30 DAYS OF WHICH PLAINTIFF HAD COURT ON 6/12/18.

287. Plaintiff put one in before this but did it again to be safe Lt. waiters informed Plaintiff that he needs to stop filing grievances cuz they will cause him and his guys trouble & if Plaintiff stops filing grievances they will leave him alone cause Plaintiff is making to much noise & he better stop for things get worse.

288. However on Saturday Haircut Day 6/9/18 Defendant C/O Tressler & C/O May informed Plaintiff he was not on the list & Plaintiff was deprived Haircut.

289. Further retaliation continued on June 6th 2018 at 10:40 a.m. at Plaintiffs cell HB #24 cell.

290. Of which Defendant C/O Scott gave Plaintiff his tray & stated "if you werent in this cell I would of burnt you for every meal.

291. Then Defendant C/O Scott put his face by plaintiffs slit and called Plaintiff a pussy & stated "You wrote me up it doesnt work" I told you when I got the chance ima Blow ya head off".

292. Plaintiff walk to the back of his cell & told Defendant C/O Scott to leave him alone Defendant C/O Scott did Plaintiff write that up.

293. Further retaliation continued on June 8th 2018 Plaintiff signed up for law library of which he submitted a request slips for lawlibrary everytime to ensure he gets his lawlibrary.

294. However on June 8th 2018 Plaintiff was suppose to recieve his lawlibrary & was deprived his lawlibrary.

295. The entire pod was deprived law library staff claimed no one signedup.

296. This occured again on June 11th 2018 & Plaintiff and the entire HB pod was deprived lawlibrary for the same excuse.

297. However on June 11 2018 before this Plaintiff gave Defendant C/O Shultz his lawlibrary slip on camera on purpose so it would be on camera if it was another dispute.

298. He acknowledged Plaintiffs slip & Plaintiff was still deprived lawlibrary of which Plaintiff was scheduled to be sentence June 12th 2018.

23

299. TURNER RETALIATION CONTINUED BY 6-2 RHU STAFF AGAINST PLAINTIFF on JUNE 10TH 2018 while HOUSED IN HB #4 CELL.

300. of which DEFENDANT C/O SCOTT INFORMED THE UNIT ON HB POD THAT WE WEREN'T GETTING T.V. TURNED ON CUZ SOMEONE ON THE POD ASSAULTED ONE OF HIS STAFF & WE ALL HAD TO PAY FOR IT, which THIS INFRACTION INSTIGATED A DISTURBANCE & PLAINTIFF AND INMATE WERE NOT ALLOWED TO WATCH T.V. ON THAT SHIFT.

301. FURTHER RETALIATION CONTINUED ON THE SAME DAY AGAINST PLAINTIFF & INMATES.

302. of which DEFENDANT C/O SCOTT & DEFENDANT C/O RESSMAN DEPRIVED ANOTHER INMATE FOR HIS lunch TRAY. STAFF CLAIMED HE WAS BEING DEPRIVED BECAUSE "THIS IS WHAT THEY DO INMATES WHO ASSAULT THERE STAFF."

303. PLAINTIFF ASKED STAFF TO PLEASE GIVE HIM HIS TRAY OR GET A LT. OR SHIFT COMMANDER OR PLAINTIFF will NOT GIVE UP HIS TRAY BECAUSE THIS MADNESS HAS TO STOP   STAFF REFUSED.

304. THIS LEAD TO OVER 20 INMATES HOLDING THEIR TRAY IN A PEACEFUL MANNER ALL REQUESTING THAT 4 CELL GET HIS TRAY.

305. DEFENDANT C/O SCOTT CALLED PLAINTIFF A RAT & A PUSSY & WROTE PLAINTIFF CELL DOWN & STATED HE DOESN'T CARE IF WE HAD OUR TRAY.

306. STAFF END UP BRINGING 4 CELL HIS TRAY IN ADMISSION TO THEIR FAULT PER SHIFT COMMANDER SMITH.

307. FURTHER RETALIATION CONTINUED ON THIS SAME DAY WHEN PLAINTIFF WAS DEPRIVED CELL CLEAN AS WELL AS THE ENTIRE HB POD WAS DEPRIVED CELL CLEAN PER DEFENDANT C/O SCOTT, DEFENDANT SGT WHITACKER.

308. FURTHER RETALIATION CONTINUED ON JUNE 11TH 2018 AT 8:40 AM DEFENDANT SGT WHITACKER CAME AROUND FOR YARD.

309. PLAINTIFF WAS AT HIS DOOR HB 2M CELL TO RECIEVE HIS YARD. FIRST SGT. WHITACKER WALKS PAST PLAINTIFFS DOOR & PLAINTIFF SAID "WAS'S UP WIT MY YARD I SIGNED UP."

24

310. Defendant SGT Whitacker said he was on his way back came & said "stop filing grievances & denied Plaintiff his yard for no reason he deprived others as well & stated "this is payback from yesterday imafuk y'all asses." and no one got yard.

311. Further retaliation continued on June 11th 2018 Plaintiff again received his legal mail from his attorney William Carroll in regular mail already open of which this is an ongoing routine by mail room at SCI-Somerset.

312. Further retaliation continued on June 12th 2018 while defendant c/o Scott was looking at Plaintiff was looking at Plaintiff while Plaintiff was using the bathroom saying Plaintiff had court.

313. When leaving cell HB24cell defendant c/o Marks & defendant c/o Scott escorts Plaintiff to R-N-D for court when we all got outside to R-N-D defendant c/o Marks states to Plaintiff "Act crazy now".

314. Defendant c/o Scott states "yeah act crazy we will kill you out here & get away with it" like Robert Zimmerman "what you gonna do sue me bitch"

315. Then defendant c/o Marks states "or file another PREA bitch" Plaintiff was placed in R-N-D for court.

316. And as it pertains to the retaliation & fabricated misconduct Plaintiff received.

317. First m/c written on 11/7/17 by defendant c/o Kyle Mahla m/c# C089563 with the charges of #1. Assault & #35. Refusing to obey an order & staff involved defendants Parborcky, c/o Fisher, c/o Kopelick. See and read m/c attached.

318. After receiving this m/c Plaintiff plead his case to hearing examiner defendant S. Wiggins on 11/15/17 Plaintiff provided his inmate version, & witnesses form & informed defendant S. Wiggins to review the video.

319. Plaintiff plead not guilty to both charges & requested witnesses to be interviewed & asked for the video to be viewed.

25

320. DEFENDANT HEX. S. WIGGINS CONTINUED HEARING AND CAME BACK ON 11/17/17 3 STATED THE VIDEO IS NOT AVAILABLE ONLY THE ESCORT VIDEO. AFTER.

321. NO WITNESSES WERE INTERVIEWED.

322. DEFENDANT S. WIGGINS BELIEVES REPORT 3 STAFF. 3 GAVE PLAINTIFF THE MAX FOR BOTH CHARGES. OF WHICH TOTALED TO 180 DAYS D.C. 3 REMOVED PLAINTIFF FROM HIS JOB.

323. PLAINTIFF APPEALED DECISION TO THE TOP. WHICH WAS DENIED.

324. LASTLY PLAINTIFF RECIEVED A RETALIORY TRANSFERR TO SCI FORREST PLACED IN THE STAMU. PLAINTIFF APPEALED PROVED 3 SHOWED WHY HE WAS NOT SUPPOSE TO BE PLACED IN STAMU ILLEGALLY PLAINTIFF APPEALED DECISION TO THE TOP 3 WAS DENIED.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

325. THE PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITH RESPECT TO ALL CLAIMS 3 ALL DEFENDANTS.

## CLAIMS FOR RELIEF

326. PLAINTIFF REALLEGES 3 INCORPORATES BY REFERENCE PARAGRAPHS # 57.-128

327. DEFENDANT C/O MEDVA FAILED TO ALLOW PLAINTIFF TO PEACEFULLY EXHAUST HIS PLEADINGS THRU CHAIN OF COMMAND TO RETRIEVE PLAINTIFFS MEAL WHICH DENIED PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF THE 14TH AMENDMENT TO THE U.S.C.

328. DEFENDANT C/O MEDVA RETALIATED AGAINST PLAINTIFF FOR EXCERSIZING THE CHAIN OF COMMAND BY FORCING PLAINTIFF TO A PAT DOWN SEARCH, THREATENING, ANTAGONIZING, THE USE OF PHYSICAL FORCE. RETALIATING AGAINST PLAINTIFF UNLAWFULLY IN VIOLATION OF PLAINTIFF RIGHTS TO THE 1ST AMENDMENT RIGHT TO THE U.S.C.

329. DEFENDANTS C/O MEDVA, C/O CLERGER O/C SPRAERS ACTIONS IN USING PHYSICAL FORCE WITHOUT NEED OR PROVOCATION WERE DONE MALICIOUSLY 3 SADISTICALLY 3 CONSTITUTED CRUEL 3 UNUSUAL PUNISHMENT IN VIOLATION OF THE 8TH AMENDMENT OF THE U.S.C.

330. Actions of Defendant C/O MedVA, SGT Porborsky, C/O Kopetic, C/O Fisher, C/O Gerber, C/O Sweitzer, SGT Blythe, C/O Murphy, LT. Kim, LT. Lindsey & C/O Rose, in using Physical Force, Excessive Force, against Plaintiff without need or provocation, or in failing to intervene to prevent the misuse of excessive force, were done maliciously & sadistically & constituted cruel & unusual punishment in violation of the 8th Amendment of the U.S.C.

331. The Actions of Defendants C/O MedVA, C/O Gerber, SGT Blythe, C/O Rose, C/O Sweitzer, SGT Porborsky, C/O Fisher in using Physical Excessive Force against Plaintiff without need or provocation constituted a tort of assault & battery under the law of PA.

332. The Failure of Defendants LT Boyce, Ms. Hainsworth & Dorina Varner to take disciplinary or other action to curb the known pattern of physical abuse of inmates by Defendants C/O MedVA, C/O Gerber, SGT Blythe, C/O Rose, C/O Sweitzer, SGT Porborsky, C/O Fisher constituted a tort of negligence, deliberate indifference to Plaintiff & other prisoners safety & contributed to & proximately caused the above described violations of the 8th Amendment right, Excessive Use of Force, assault & battery, retaliation, due process, which constitutes supervisor liability & civil conspiracy.

333. Plaintiff reallages & incorporates paragraphs # 122 - 150.

334. The Actions of Defendants C/O Marks, C/O Bornstnar, C/O Lomonde, C/O Capita, LT. Turner & SGT Whitacre in retaliation of the campaign of harrassment, failing to intervene to prevent, campaign of deprivations of life necessity (meals) against Plaintiff without need or provocation were done maliciously & sadistically & constituted cruel & unusual punishment in violation of 8th Amendment rights of the U.S.C., constituting retaliation in violation of 1st Amendment rights of the U.S.C., constituting civil conspiracy pursuant to U.S.C.

335. The Actions of Defendants AT Joseph in retaliation providing inadequate & inaccurate response rejecting Plaintiffs issues not allowing them to be reviewed & processed without no legit reason denied Plaintiff due process of law in retaliation in violation of 1st & 14th Amendment right to the U.S.C.

336. The Actions of Defendants C/O Marks & C/O Bornstnar in the retaliation the sexual harrassment with out need or provocation against Plaintiff were maliciously & sadistically & constituted retaliation, cruel & unusual punishment in violation of 1st & 8th Amendment rights of the U.S.C.

337. THE actions of DEFENDANTS c/o MARKS & c/o BURNSIVAR IN RETALIATION OF FALSIFYING GOVERNMENT DOCUMENTATION COMMITTING FRAUD, SLANDER LIBEL PER SE ISSUING A FABRICATED MISCONDUCT WHICH RESULTED IN PLAINTIFF RECEIVING 135 DAY D.C. TIME WERE DONE MALICIOUSLY & SADISTICALLY & CONSTITUTED CONSTITUTED RETALIATION & CRUEL & UNUSUAL PUNISHMENT IN VIOLATION OF 1ST & 8TH AMENDMENT RIGHTS OF THE U.S.C.

338. THE FAILURE OF DEFENDANTS HAINSWORTH, AL JOSEPH, DORINA VARNER, C.WADSWORTH, B.SALAMON, LT. TURNER & SGT WHITACKER TO TAKE DISCIPLINARY OR OTHER ACTION TO CURB THE KNOWN PATTERN OF ABUSE, RETALIATION & DEPRIVATION OF INMATES BY STAFF DEFENDANTS c/o MARKS, c/o BURNSIVAR, c/o CAPTA, c/o LOMONDI LT. TURNER & SGT WHITACKER CONSTITUTES DELIBERATE INDIFFERENCE, NEGLIGENCE TO PLAINTIFF & OTHER PRISONER SAFETY & CONTRIBUTED TO & PROXIMATELY CAUSED THE ABOVE DESCRIBED VIOLATIONS OF PLAINTIFF 1ST, 8TH AMENDMENT RIGHTS FRAUD, SLANDER LIBEL PER SE,

339. THE ACTIONS OF DEFENDANTS c/o MARKS, c/o BURNSIVAR, c/o LOMONDE, c/o CAPTA, LT. TURNER & SGT WHITACKER IN DEPRIVATION OF PLAINTIFFS MEALS FOR NO REASON IN RETALIATION AGAINST PLAINTIFF WITH OUT DUE PROCESS OF LAW constitution WERE DONE MALICIOUSLY & SADISTICALLY & DENIED PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF 1ST & 14TH AMENDMENT RIGHTS TO THE U.S.C.

340. PLAINTIFF REALLEGES & INCORPORATES PARAGRAPHS # 151 - 154

341. THE ACTIONS OF DEFENDANTS DR. KAUFMAN & BRIAN HYDE TO FOLLOW PROTOCOL IN A USE OF FORCE INMATE ABUSE WHERE PLAINTIFF SUSTAINED MULTIPLE INJURIES PLAINTIFF REPORTED, SHOWED & PROVED FAILING TO FOLLOW PROTOCOL & PROCEDURES IN RETALIATION, DENIED PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF PLAINTIFF 1ST amendment AND 14TH AMENDMENT RIGHTS TO THE U.S.C.

342. FAILURE OF DEFENDANTS DR. KAUFMAN & BRIAN HYDE TO PROVIDE CRUTCHES, FOLLOW UP EXAMINATIONS, TREATMENT OF PLAINTIFF INJURED ANKLE & HEAD INJURYS, PHYSICAL THERAPY FOR HIS ANKLE CONSTITUTES DELIBERATE INDIFFERENCE TO THE PLAINTIFFS SERIOUS MEDICAL NEEDS IN VIOLATION OF THE 8TH AMENDMENT TO THE U.S.C. & CONSTITUTES A TORT OF NEGLIGENCE UNDER LAW OF PA. & CONSTITUTES CIVIL CONSPIRACY PURSUANT TO U.S.C.

343. THE FAILURE OF DEFENDANTS MS. HAINSWORTH, DORINA VARNER, KERI MOORE BEAREAU OF HEALTH CARE SERVICES TO TAKE DISCIPLINARY OR OTHER ACTION TO CURB THE KNOWN PATTERN OF NEGLIGENCE & DELIBERATE INDIFFERENCE BY DEFENDANTS DR. KAUFMAN & BRIAN HYDE CONSTITUTES DELIBERATE INDIFFERENCE TO PLAINTIFF & OTHER PRISONERS SAFETY & CONTRIBUTED TO AND PROXIMATELY CAUSED THE ABOVE DESCRIBED RIGHTS OF 1ST, 8TH & 14TH AMENDMENT RIGHTS TO THE U.S.C. DEFENDANTS ACTIONS CONSTITUTE, SUPERVISOR LIABILITY & CIVIL CONSPIRACY PURSUANT TO U.S.C.

28

344. Plaintiff reallegs and incorporates paragraphs # 155-160

345. The actions of Defendants C/O Tressler, Sgt. Whitacre & Lt. Turner in retaliation destroying plaintiffs personal property wherein were done maliciously & sadistic and constituted conversion, deliberate in difference to the plaintiff property rights with out process and constructed to and proximately caused the above violation of 8th Amendment & denied plaintiff due process of law in violation of the 14th Amendment to the U.S.C.

346. The failure of Defendants A. Joseph, Ms. Hainsworth, C. Wadsworth, Durina-Varner, Keri Moore to take disciplinary or other action to curb the known pattern of retaliation by Defendants Tressler, Whitacker & Lt. Turner which constitutes supervisor liability, civil conspiracy. Deliberate indifference to plaintiffs safety & property contributed to and proximately caused the above violation of 8th, 14th & 1st Amendment right to the U.S.C. knowingly constituting the tort of negligence under the law of Pa, and civil conspiracy claim pursuant to U.S.C.

347. Plaintiff realleges & incorporates paragraphs # 161-163

348. The actions of Defendant C/O Glmember retaliating against plaintiff for filing grievances constitutes a violation of plaintiffs 1st Amendment rights to freedom of speech.

349. The actions of Defendant C/O Glember retaliating against plaintiff racially discriminating in slander libel defamation of character & campaign of harassment which was done under the color of state law of the U.S.C. maliciously & sadistically constitutes cruel & unusual punishment in violation of the 8th Amendment right to the U.S.C.

350. The failure of Defendants Ms. McClinland, Ms. Hainsworth, Durina-Varner, Keri Moore to take disciplinary or other action to curb the known pattern of abuse of plaintiff downplaying issue together by Defendant C/O Glember constitutes deliberate indifference, a tort of negligence, supervisor liability & civil conspiracy to plaintiffs safety & contributed to and proximately caused above violation of 1st & 8th Amendment rights to the U.S.C.

351. Plaintiff realleges & incorporates paragraphs # 164-179

352. The actions of Defendants C/O Glember & C/O Shroder retaliating against plaintiff for filing grievances; in using racial discrimination language; in destroying plaintiffs petition to court; in conversion without providing C.I.R. in campaign of harassment, were done maliciously & sadistically & constituted cruel & unusual punishment in violation of 8th Amendment, freedom of speech of 1st Amendment; denied plaintiff due process in violation of 14th Amendment access to court & racial discrimination to the U.S.C.

353. The failure of Defendants Ms. McClelland, Ms. Hainsworth, Dorina Varner, Keri Moore to take disciplinary or other action to curb the known pattern of abuse if Plaintiff downplaying together by Defendants c/o officer 3rd superior constituted deliberate indifference, a tort of negligence, superior liability, civil conspiracy to Plaintiff's safety & contributed to and proximately cause the above violation of 1st, 8th amendment rights of U.S.C., conversion, destruction of property, racial discrimination under state law of PA.

354. Plaintiff reallages and incorporates paragraphs #180-182

355. The actions of Defendant AJ Joseph retaliating against Plaintiff for filing grievances, denying Plaintiff procedural & substantive due process, downplaying issues associated were done maliciously & sadistically & constituted due process in violation of 14th amendment, freedom of speech of 1st amendment rights to the U.S.C., civil conspiracy, negligence, supervisor liability under state law of PA.

356. Failure of Defendants Ms. Schenck, Ms. Hainsworth, Dorina Varner, Keri Moore, to take disciplinary or other action to curb the known pattern of abuse, retaliation, downplaying Plaintiffs claims once known by Defendant AJ Joseph constituted deliberate indifference, a tort of negligence, supervisor liability to Plaintiffs safety & rights contributed & proximately caused the above violation of 14th amendment, 1st amendment, negligence, supervisor liability, retaliation under the U.S.C. & PA state law.

357. Plaintiff reallages and incorporates paragraphs #183-187.

358. Failure of Defendants security dept of Somerset, Ms. Hainsworth, Dorina Varner, Keri Moore, to take disciplinary or other action to curb the pattern of abuse of Plaintiff rights, downplaying Plaintiff's issues by Defendants RHU staff of depriving Plaintiff showers yard, razor for entire duration in RHU constituted civil conspiracy, deliberate indifference, a tort of negligence, supervisor liability to Plaintiffs safety & contributed to & proximately caused the above violations of 1st, 8th amendments to the U.S.C.

359. The actions of Defendants at SCI-Somerset RHU staff on 6-2 shift & 2-10 shift in depriving Plaintiff showers & razor from November 7th 2017 to March 1st 2018 straight deprivations of exercise yard in retaliation without need or provocation or in failing to intervene to prevent deprivations of deprivations were done maliciously & sadistically constituted due process in violation of 14th amendment & cruel & unusual punishment in violation of the 8th amendment of the U.S.C.

360. Plaintiff reallages and incorporates paragraphs #188-191

30

361. The actions of Defendants Ms. McClelland, Lt. Turner retaliation against Plaintiff in withholding Plaintiffs legal work which were done maliciously & sadistically and constituted a Due Process and Access of Court in violation of the Plaintiffs rights under 1st, 4th & 14th Amendment of the U.S.C.

362. The failure of Defendants Ms. Hainsworth, Dorina Varner, Keri Moore, Lt. Turner to take disciplinary or other action to curb the known pattern of retaliation, & abuse & violation of rights by Defendant McClelland, Lt. Turner & Hainsworth constituted a tort of negligence, deliberate indifference to the Plaintiffs rights and contributed to and proximately caused the above violation of the 1st, 4th & 14th Amendment rights to U.S.C.

363. The failure of Defendants Ms. McClelland, Lt. Turner, Ms. Hainsworth Dorina Varner, Keri Moore to take disciplinary action or other action to curb the known pattern of abuse of Plaintiffs rights, downplaying them together by Defendants, constitute supervisor liability, civil conspiracy to and approximately caused the above violation of the 1st, 14th, 3 4th Amendment rights to the U.S.C. & under state law of P.A.

364. Plaintiff realleges & incorporates paragraphs # 192-197

365. The actions of Defendants C/O Bornstman & Sgt. w/Tucker of harassing depriving Plaintiff of his excersize yard without need or provocation were done malicious ly & sadistically in retaliation constituted deprivation of basic needs in violation of the 8th Amendment of the U.S.C. & 14th Amendment of the U.S.C.

366. The failure of Defendants Lt. Thomas, Ms. Hainsworth, Dorina Varner & Keri Moore to take disciplinary or other action to curb the known pattern of retaliation, harassment & downplaying grievance constitutes a tort of negligence, deliberate indifference, supervisor liability, civil conspiracy to Plaintiffs right & safety & contributed to and caused the above described violation of 8th Amendment rights & 14th Amendment rights.

367. The actions of Defendants Lt. Thomas, Ms. Hainsworth, Dorina Varner, Keri Moore, in refusing to call witnesses, providing an incompetent rationale in grievance, upholding actions committed unfairly denied Plaintiff substantive due process in violation of 14 Amendment to the U.S.C.

368. Plaintiff realleges & incorporates paragraphs # 198-199

31

369. THE ACTIONS OF DEFENDANTS C/O BORNSTNAR IN RETALIATING AGAINST PLAINTIFF BY HARRASSING, SEXUALLY HARRASSING, DEPRIVING PLAINTIFF OPPORTUNITY TO EXCHANGE JUMPSUIT & LINEN KNOWING AT THE TIME HE WAS TEMPORARY RESTRAINED FROM ABJH BY PLAINTIFF AND as HOUSING UNIT UNLESS RESPONDING TO AN EMERGENCY - WHICH ACTION WERE DONE MALICIOUSLY & SADISTICALLY CONSTITUTED HARRASSMENT, SEXUAL HARRASSMENT DEPRIVATION OF BASIC NEEDS CRUEL & UNUSUAL IN VIOLATION OF 8TH AMENDMENT OF THE U.S.C.

370. THE ACTION OF DEFENDANT MS. SHENCK OF NOT PROCESSING PLAINTIFFS COMPLAINT WHEN ISSUES PRESENTED WARRANTED REVIEW & INVESTIGATION. Showing DOWNPLAYMENT OF ABOVE DESCRIBED VIOLATIONS . DENIED PLAINTIFF DUE Process OF LAW IN VIOLATION OF 14 AMENDMENT TO THE the U.S.C.

371. THE FAILURE OF DEFENDANTS MS. HAINSWORTH, B. SALAMEN, DORINA VARNER KERI MOORE TO TAKE DISCIPLINARY ACTION TO CORRECT THE KNOWN PATTERN OF RETALIATION & DENIED DUE PROCESS BY DEFENDANTs C/O BORNSTNAR, & CHRISTINE SCHENCK CONSTITUTED DELIBERATE INDIFFERENCE TO PLAINTIFFS SAFETY AND RIGHTS & CONTRIBUTED TO & PROXIMATELY CAUSED THE ABOVE VIOLATIONS OF U.S.C. & CONSTITUTE A TORT OF NEGLIGENCE UNDER STATE LAW OF PA TRIGGERING civil CONSPIRACY & SUPERVISOR LIABILITY IN RETALIATION VIOLATION 1ST AMENDMENT RIGHTS .

372. THE ACTIONS OF DEFENDANTS CHRISTIE SCHENCK, HAINSWORTH, B. SALAMEN, DORINA VARNER, KERI MOORE IN UPHOLDING & REFUSING TO REVIEW GRIEVANCE Providing INCOMPETENT DISPOSITIONS UPHOLDING DECISIONS DENIED PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF 14TH AMENDMENT OF U.S.C.

373. PLAINTIFF REALLEGES & INCORPORATES PARAGRAPHS # 200-204.

374. THE ACTIONS OF DEFENDANTS C/O BORNSTNAR, LT. TURNER IN RETALIATING against PLAINTIFF BY HARRASSING, SEXUALLY HARRASSING, DEPRIVING PLAINTIFF OPPORTUNITY TO RECEIVE EXCERSIZE YARD, KNOWING AT THE TIME HE is TEMPORARILY RESTRAINED FROM BEING AT PLAINTIFF AND on UNIT UNLESS RESPONDING TO EMERGENCY OF WHICH THE ACTIONS WERE DONE MALICIOUSLY & SADISTICALLY & CONSTITUTED HARRASSMENT SEXUAL HARRASSMENT, DEPRIVATION OF BASIC NEED CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF U.S.C. & DUE PROCESS OF LAW OF 14TH AMENDMENT OF THE U.S.C.

375. THE ACTIONS OF DEFENDANT CHRISTIE SCHENCK OF NOT PROCESSING PLAINTIFFS COMPLAINT WHEN ISSUES PRESENTED WARRANTED REVIEW & INVESTIGATION. Showing DOWN PLAYMENT OF ABUSE & VIOLATION DENIED PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF 14TH AMENDMENT TO THE U.S.C. civil CONSPIRACY, TORT OF NEGLIGENCE UNDER STATE LAW OF PA & DELIBERATE INDIFFERENCE TO PLAINTIFF RIGHTS & COMPLAINT.

376. THE FAILURE OF DEFENDANTS HAINSWORTH, B. SALAMON, DORINA VARNER, KERI MOORE TO TAKE DISCIPLINARY ACTION TO CORRECT & CURB THE RENEWAL PATTERN OF RETALIATION AND ABUSE, DENIED DUE PROCESS BY DEFENDANTS LT. TURNER C/O ROZENSTAR & C/O THE SILENCE CONSTITUTED DELIBERATE INDIFFERENCE TO PLAINTIFFS RIGHTS & SAFETY & CONTRIBUTED TO & PROXIMATELY CAUSE THE ABOVE VIOLATION OF U.S.C. & CONSTITUTES THE TORT OF NEGLIGENCE UNDER STATE LAW OF PA TRIGGERING CIVIL CONSPIRACY & SUPERVISOR LIABILITY CLAIM PURSUANT TO U.S.C §1983.

377. THE ACTIONS OF DEFENDANTS CURITIE SILENCK, HAINSWORTH, B. SALAMON, DORINA VARNER, KERI MOORE IN UPHOLDING & REFUSING TO REVIEW GRIEVANCE PROVIDING INCOMPETENT DISPOSITIONS & UPHOLDING DISPOSITIONS DENIED PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF 14TH AMENDMENT OF U.S.C.

378. PLAINTIFF REALLEGES & INCORPORATES PARAGRAPHS #205.-207.

379. THE ACTIONS OF DEFENDANTS SCI-SOMERSET MAIL ROOM SUPERVISOR AND RETALIATION IN OPENING PLAINTIFF LEGAL MAIL OUTSIDE HIS PRESENCE KNOWING CASE AT HAND AT THE TIME WAS AGAINST STAFF IN PRISON, THIS WAS DONE MALICIOUSLY & SADISTICALLY CUZ MAILROOM STAFF KNEW ALL LEGAL MAIL HAS TO BE OPEN IN PRESENCE OF THE RECIEVER & CONSTITUTED A 1ST, 14TH AMENDMENT VIOLATION OF THE U.S.C. OF THE PLAINTIFFS RIGHTS.

380. THE FAILURE OF DEFENDANTS B.M. DECKER, M.S. HAINSWORTH, DORINA VARNER, KERI MOORE. TO TAKE DISCIPLINARY OR OTHER ACTION TO CURB THE PATTERN OF THE OPENING OF PLAINTIFFS LEGAL MAIL BY DEFENDANTS IN MAILROOM. CONSTITUTES DELIBERATE INDIFFERENCE TO PLAINTIFF RIGHTS & CONTRIBUTED AND PROXIMATELY CAUSED THE ABOVE VIOLATIONS OF 1ST & 14TH AMENDMENT RIGHTS TO THE U.S.C.

381. THE ACTIONS OF DEFENDANTS B.M. DECKER, M.S. HAINSWORTH, DORINA VARNER, KERI MOORE OF KNOWING AND PUT ON NOTICE OF VIOLATIONS & DOWNPLAYED ISSUES AS IF IT WERE MERITLESS WHICH CONSTITUTES A TORT OF NEGLIGENCE UNDER STATE LAW OF PA, CIVIL CONSPIRACY & SUPERVISOR LIABILITY PURSUANT TO U.S.C.

382. PLAINTIFF REALLEGES & INCORPORATE PARAGRAPHS # 208 -211.

383. THE ACTIONS OF DEFENDANTS McCLELLAND, CURITIE SILENCK IN DEPRIVING A PHONE CALL TO CONTACT HIS FAMILY TO OBTAIN LEGAL FUNDS FOR A CASE AGAINST THE PRISON IN RETALIATION REFUSE TO GIVE PLAINTIFF CALL WHICH WAS DONE MALICIOUSLY & SADISTICALLY WHICH CONSTITUTES ACCESS TO COURT INTERFERENCE, 1ST & 14TH AMENDMENT VIOLATION OF RIGHT THE TO U.S.C.

384. THE ACTIONS OF DEFENDANTS MS. McCLELLAND, C. SILENCK, MS. HAINSWORTH, DORINA VARNER, KERI MOORE IN RETALIATION IN THE USE OF SYSTEMATIC OPPRESSION, DOWNPLAYING ISSUES WITHOUT SUBSTANTIVE ACTION PURSUANT TO CIVIL CONSPIRACY WHILE ACKNOWLEDGMENT OF ISSUE BUT AT THE SAME TIME ABSENT OF ADDRESSING CLAIMS PRESENT CONSTITUTING SUPERVISOR LIABILITY TO THE VIOLATION 1ST, 14TH AMENDMENT RIGHTS TO U.S.C. & THE TORT OF NEGLIGENCE UNDER LAW OF PA BY DEFENDANTS.

385. PLAINTIFF REALLEGES 3 INCORPORATES PARAGRAPHS # 212-213

386. THE ACTIONS OF DEFENDANTS MS. McCLELLAND OF IGNORING PLAINTIFF'S REQUEST FOR 90 DAY REVIEW FOR WHICH PLAINTIFF IS ENTITLED TO A REVIEW ONCE EVERY 90 DAYS 3 KNOWING THAT DEFENDANT STILL FAILED TO HAVE PLAINTIFF REVIEWED IN RETALIATION TO PLAINTIFF'S CURRENT GRIEVANCE HISTORY 3 PLACEMENT IN RHU DENYING PLAINTIFF DUE PROCESS OF LAW IN RETALIATION IN VIOLATION OF 1ST 3 14TH AMENDMENT RIGHTS TO U.S.C. WHICH PLAINTIFF WAS PLACED IN STEMM WITHOUT NOTICE OR REVIEW.

387. THE FAILURE OF DEFENDANTS MS. MAINSACRITY, MS. McCLELLAND, DORINA VARNER, NETUMORE, TO TAKE DISCIPLINARY OR OTHER ACTION TO CURB THE KNOWN RETALIATION SYSTEMATIC OPPRESSION, CONSTITUTES DELIBERATE INDIFFERENCE TO THE PLAINTIFF'S RIGHTS 3 CONTRIBUTED 3 PROXIMATELY CAUSED THE ABOVE DESCRIBED VIOLATIONS OF 1ST 3 14TH AMENDMENT RIGHTS FURTHER IN KNOWING SO DOWNPLAYING THIS SITUATION AS IF ITS MERITLESS CONSTITUTED CIVIL CONSPIRACY PURSUANT TO U.S.C. 3 SUPERVISER LIABILITY PURSUANT TO THE ABSENCE OF ACTION TAKEN UPHOLDING DISPORTION OF INITIAL STAGES OF REVIEW.

388. PLAINTIFF REALLEGES AND INCORPORATES PARAGRAPHS # 214-219

389. THE ACTIONS OF DEFENDANTS MS. IATTE, MS. McCLELLAND, CHAPLAIN, & COUNSELOR REPENOUR IN DEPRIVING PLAINTIFF OF PHONE CALL TO CALL HIS FAMILY IN REGARDS TO DEATH IN FAMILY IN RETALIATION OF PLAINTIFF'S GRIEVANCE HISTORY 3 PLACEMENT IN RHU USING SYSTEMATIC OPPRESSION WITHOUT NEED OR LEGIT REASON IN WHICH WAS DONE MALICIOUSLY 3 SADISTICALLY, ALL DEFENDANTS CONCLUDE TO SAME RATIONALE WHICH ACTION CONSTITUTES CIVIL CONSPIRACY PURSUANT TO U.S.C. A FORM OF NEGLIGENCE UNDER STATE LAW OF PA. VIOLATION OF FREEDOM OF SPEECH 1ST AMENDMENT RIGHTS OF THE U.S.C. DENIED SUBSTANTIVE DUE PROCESS OF LAW IN VIOLATION OF 14TH AMENDMENT OF THE U.S.C. IS DELIBERATE INDIFFERENCE TO PLAINTIFF RIGHTS 3 SAFETY.

390. THE FAILURE OF DEFENDANTS MS. LATTE, MS. McCLELLAND, CHAPLAIN, MS. MAINSUE, DORINA VARNER, KERI MOORE TO TAKE ACTION 3 INTERVIENE WITH THE WRONGDOING 3 PROVIDE ADEQUATE ADDRESSAL, UPHOLDING CLAIMS PRESENTED DEEMING THEM TO BE FRIVOLOUS WITH OUT VALID REASON TO SUPPORT CLAIM TO BE FRIVOLOUS. PROHIBITING PLAINTIFF FROM CALLING HIS FAMILY DURING THIS TROUBLING TIME, CONSTITUTES NEGLIGENCE UNDER STATE LAWS OF PA, CONSTITUTE CIVIL CONSPIRACY PURSUANT TO U.S.C. VIOLATION OF 1ST, 14TH AMENDMENT RIGHTS TO U.S.C. DELIBERATE INDIFFERENCE TO PLAINTIFF RIGHTS AND SAFETY, CONSTITUTING SUPERVISOR LIABILITY TO CLAIMS PRESENTED PURSUANT TO U.S.C.

391. PLAINTIFF REALLEGES 3 INCORPORATES PARAGRAPHS # 220-238

34

392. THE ACTIONS OF DEFENDANTS SECURITY LT. ROYCE, MS. PYLE, MAJOR TULLER, MS. HANSWORTH, PYSCH DEPT, MS. McCLELLAND IN COLLABORATION IN RETALIATION WITH MALICIOUS & SADISTICALLY INTENT AGAINST PLAINTIFF WITH PLACING PLAINTIFF IN SIGMN WITHOUT NOTICE OF WITHOUT HEARING ...THOUT PYSCH REVIEW. WITHOUT VALID REASON USING SYSTEMATIC OPPRESSION BASED ON THE FOREGOING. CONSTITUTES A VIOLATION OF PLAINTIFFS DUE PROCESS RIGHTS UNDER 14TH AMENDMENT RIGHTS CRUEL & UNUSUAL PUNISHMENT UNDER 8TH AMENDMENT RIGHTS TO U.S.C & RETALIATION RIGHTS UNDER 1ST AMENDMENT. SATISFYING CIVIL CONSPIRACY CLAIM PURSUANT TO U.S.C.

393. DUE TO THE FAILURE OF DEFENDANTS LT. ROYCE, MS. PYLE, MAJOR TULLER, MS. HANSWORTH, PYSCH DEPT, MS. McCLELLAND, DIANA VARNER & KERIMORE TO CORRECT ACTIONS COMMITTED TO TAKE ACTIONS TO REMEDY KNEW OF WRONG DOING & AT THE SAME TIME PROCEEDING WITH PLAINTIFFS PLACEMENT & TRANSFER INTO LONG TERM ISOLATION WITH ABSENCE OF PROCESS & REASON. CONSTITUTES A TORT OF NEGLIGENCE UNDER STATE LAW OF PA, CONSTITUTES DELIBERATE INDIFFERENCE TO PLAINTIFFS 1ST, 8TH & 14TH AMENDMENT RIGHTS TO U.S.C, CONSTITUTES SUPERVISOR LIABILITY KNEW OF VIOLATIONS BUT BREACH DUTY TO PROTECT PLAINTIFF RIGHTS PURSUANT TO U.S.C.

394. PLAINTIFF REALLEGES & INCORPORATES PARAGRAPHS # 239-240

395. THE ACTIONS OF DEFENDANT LT WASWABAUM OF WHICH HE COMMITTED FRAUD FALSIFYING GOVERNMENT DOCUMENTATION, SLANDER LIBEL PER SE, AGAINST PLAINTIFF. A TORT OF NEGLIGENCE TOWARDS SAFETY HAZARDS AT HAND, A BREACH OF DUTY TO PROVIDE ADDRESSMENT OF HAZARD, DELIBERATE INDIFFERENCE TO PLAINTIFF 8TH AMENDMENT RIGHTS UNDER U.S.C AS IT PERTAINS TO PRISONS CONDITION & SAFETY.

396. THE FAILURE OF DEFENDANTS MS. HAINSWORTH DONNA VARNER, & KERIMORE TO TAKE ACTION REMEDY THE WRONG DOING OF FRAUD, SLANDER LIBEL PER SE, FALSIFICATION OF GOVERNMENT DOCUMENTATION, TO ADDRESS ISSUES, AT HAND TO PROVIDE A SOLUTION HANDONTO THE SAFETY OF INSTITUTION IN WHICH CONSTITUTES A TORT OF NEGLIGENCE UNDER STATE LAW OF PA CONSTITUTES DELIBERATE INDIFFERENCE TO PLAINTIFFS SAFETY HAZARDS IN VIOLATION OF 8TH AMENDMENT COLLABORATION DOWNPLAYING ISSUES CONSTITUTES CIVIL CONSPIRACY & SUPERVISOR LIABILITY PURSUANT TO U.S.C, & RETALIATION UNDER 1ST AMENDMENT RIGHTS TO U.S.C.

397. PLAINTIFF REALLEGES AND INCORPORATES PARAGRAPHS # 240

398. THE ACTIONS OF DEFENDANTS LT. WASWABAUM OF WHICH HE COMMITTED FRAUD, FALSIFYING GOVERNMENT DOCUMENTATION, SLANDER LIBEL PER SE, AGAINST PLAINTIFF A TORT OF NEGLIGENCE TOWARD SAFETY HAZARD & DEFICIENCY OF CAMERA'S IN RHU AT HAND A BREACH OF DUTY TO PROVIDE ADDRESSMENT OF DEFICIENCES OF CAMERA'S DELIBERATE INDIFFERENCE TO PLAINTIFFS 8TH AMENDMENT RIGHTS TO U.S.C, AS IT PERTAINS TO PRISON CONDITIONS & SAFETY.

399. THE FAILURE OF DEFENDANTS MS. WAINSWORTH, DORINA VARNER, KERI MOORE. TO TAKE ACTION. REMEDY THE WRONG DOING OF FRAUD, SLANDER, FALSIFYING GOVERNMENT DOCUMENTATION: FAILURE TO ADDRESS ISSUES AT HAND TO PROVIDING A SOLUTION, IGNORING THE SAFETY OF INSTITUTION LACKING SUPERVISION OF CAMERAS WHICH CONSTITUTES A TORT OF NEGLIGENCE UNDER STATE LAW OF PA. CONSTITUTES DELIBERATE INDIFFERENCE TO PLAINTIFF 3 INMATE SAFETY HAZARDS IN CAMERA DEFICIENCIES IN VIOLATION OF 8TH AMENDMENT UNDER U.S.C. FURTHER COLLABORATING DOWN PLATING ISSUES PRESENTED CONSTITUTES CIVIL CONSPIRACY 3 CONSTITUTES SUPERVISOR LIABILITY PURSUANT TO U.S.C.

400. PLAINTIFF REALLEGES AND INCORPORATES PARAGRAPHS # 242-243

401. THE ACTIONS OF DEFENDANTS SGT WHITACRE 3 6-2 SHIFT RHU STAFF IN RETALIATION DEPRIVING PLAINTIFF 3 ALL INMATES THEIR EXCERSIZE YARD WITHOUT NEED OR REASON ONLY INSTIGATE A DISTURBANCE WERE DONE MAXELIOUSLY 3 SADISTICALLY AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF 8TH, 1ST 3 14 AMENDMENT OF THE U.S.C.

402. THE ACTIONS OF DEFENDANTS SGT. WHITACRE 3 6-2 SHIFT RHU STAFF OF COMMITTING FRAUD 3 FALSIFYING GOVERNMENT DOCUMENTATION IN LYING CLAIMING PLAINTIFF RECIEVED HIS YARD WHEN PLAINTIFF WAS DENIED 3 CONTRIBUTED TO AND PROXIMATELY CAUSED THE ABOVE VIOLATION OF 1ST, 8TH 3 14TH AMENDMENT RIGHTS FURTHER DUE TO THE COLLABORATION OF STAFF INVOLVED CONSTITUTES CIVIL CONSPIRACY CLAIM PURSUANT TO U.S.C.

403. THE ACTIONS OF DEFENDANT LT. WASHABAUGH IN A DECEPTIVE ATTEMPT TO DOWNPLAY ISSUES PRESENTED BY PLAINTIFF, IN LYING COMMITTING FRAUD, FALSIFYING GOVERNMENT DOCUMENTATION 3 SLANDER LIBEL PER SE AGAINST PLAINTIFF CONSTITUTES A TORT OF NEGLIGENCE UNDER STATE LAW OF PA. CONSTITUTES CIVIL CONSPIRACY PURSUANT TO U.S.C. TO PLAINTIFFS RIGHTS IN VIOLATION OF 1ST, 8TH 3 14TH AMENDMENT RIGHTS TO U.S.C.

404. THE ACTIONS OF DEFENDANTS MS. WAINSWORTH DORINA VARNER, KERI MOORE OF RETALIATING IN PROVIDING RATIONALES UPHOLDING LT. WASHABAUGH, 6-2 SHIFT RHU-STAFF 3 NOT ACKNOWLEDGING ANY WRONG DOING, PROVIDING NO EVIDENCE TO PROVE PLAINTIFF ISSUES ARE FALSE DENIED PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF 14TH AMENDMENT TO THE U.S.C. FURTHER CONSTITUTES DELIBERATE INDIFFERENCE TO PLAINTIFF RIGHTS 3 LIBERTY IN VIOLATION OF 8TH AMENDMENT TO THE U.S.C. I CONSTITUTES A TORT OF NEGLIGENCE UNDER LAW OF PA. CONSTITUTES SUPERVISOR LIABILITY FAILING TO ACT 3 REMEDY THE WRONG IN COLLABORATION CONSTITUTES CIVIL CONSPIRACY PURSUANT TO U.S.C.

405. PLAINTIFF REALLEGES 3 INCORPORATES PARAGRAPHS # 244-256

406. THE ACTIONS OF DEFENDANTS McCLELLAND, SGT WHITACRE, C/O SCOTT C/O BOORNSTINAR, C/O CARRSON, C/O YINGLING, C/O REESMAN IN RETALIATING AGAINST PLAINTIFF FOR RIGHT TO REDRESS 3 FILE GRIEVANCES, DEFENDANTS DESTROYED PLAINTIFFS BOX RESULTING IN ALL PLAINTIFFS LEGAL WORK 3 PAPERWORK THRASHED ALL OVER HIS CELL, PROPERTY BEING TAKEN WITHOUT CONFISCATION SLIP GIVEN, DEFENDANTS FAILING TO INTERVENE 3 PREVENT THE MISCONDUCT OF STAFF ACTIONS, WHICH WERE DONE MALICIOUSLY 3 SADISTICALLY 3 CONSTITUTED IN RETALIATION, CRUEL 3 UNUSUAL PUNISHMENT, DUE PROCESS OF LAW IN VIOLATION OF 1ST, 8TH 3 14TH AMENDMENT RIGHTS TO U.S.C., CONSTITUTING DESTRUCTION OF PROPERTY TORT, ATORT OF NEGLIGENCE UNDER LAW OF PA, FURTHER CONSTITUTING DELIBERATE INDIFFERENCE TO PLAINTIFFS RIGHTS 3 LIBERTY IN VIOLATION OF 8TH AMENDMENT RIGHTS TO U.S.C. IN COLLABORATION CONSTITUTING CIVIL CONSPIRACY PURSUANT TO U.S.C.

407. THE ACTIONS OF DEFENDANTS McCLELLAND 3 LT. WASHABAUM, MS. HAINSWORTH DORINA VARNER 3 KERI MOORE OF RETALIATION PROVIDING RATIONALES UPHOLDING 62 SCIFT BAU STAFF ACTIONS 3 LT. WASHABAUM RATIONALE, NOT ACKNOWLEDGING WRONG DOING PROVIDING NO EVIDENCE TO PROVE PLAINTIFFS ISSUES ARE FALSES DENYING PLAINTIFF DUE PROCESS OF LAW IN VIOLATIONS OF 14TH AMENDMENT TO THE U.S.C. FURTHER CONSTITUTES DELIBERATE INDIFFERENCE TO PLAINTIFF RIGHTS 3 LIBERTY IN VIOLATION OF 8TH AMENDMENT TO THE U.S.C. IN RETALIATION IN VIOLATION OF 1ST AMENDMENT RIGHTS, CONSTITUTES A TORT OF NEGLIGENCE UNDER LAW OF PA, CONSTITUTES SUPERVISOR LIABILITY FAILING TO ACT 3 REMEDY THE WRONG, IN COLLABORATION CONSTITUTING CIVIL CONSPIRACY PURSUANT TO U.S.C.

408. PLAINTIFF REALLEGES AND INCORPORATES PARAGRAPHS #257-262

409. THE ACTIONS OF DEFENDANTS C/O SCOTT, MS. McCLELLAND OF RETALIATING AGAINST PLAINTIFF IN COMMITTING FRAUD, SLANDER LIBEL PER SE, UNJUST PRISON CONDITIONS CAMPAIGN OF HARRASSMENT SYSTEMATIC 3 OFFICIAL OPPRESSION, FAILING TO INTERVENE 3 PROTECT, PLAINTIFF WHICH WAS DONE MALICIOUSLY 3 SADISTICALLY 3 CONSTITUTES CRUEL 3 UNUSUAL PUNISHMENT IN VIOLATION OF THE 8TH AMENDMENT TO THE U.S.C. CONSTITUTED DUE PROCESS OF LAW IN VIOLATION OF 14TH AMENDMENT TO U.S.C. RETALIATION IN VIOLATION OF 1ST AMENDMENT TO U.S.C. CONSTITUTING CIVIL CONSPIRACY CLAIM PURSUANT TO U.S.C.

410. THE ACTIONS OF DEFENDANTS McCLELLAND, MS. HAINSWORTH, DORINA VARNER, KERI MOORE, LT WASHABAUGH, IN COLLABORATION OF RETALIATION DOWNPLAYING PLAINTIFFS ISSUES PROVIDING RATIONALES UPHOLDING ACTIONS COMMITTED CONCLUDING NO WRONG DOING W/O EVIDENCE OR MERIT TO PROVE PLAINTIFF ISSUES ARE FALSE DENYING PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF 14TH AMENDMENT TO THE U.S.C. FURTHER CONSTITUTES DELIBERATE INDIFFERENCE TO PLAINTIFF RIGHT 3 LIBERTY IN VIOLATION OF 8TH AMENDMENT RIGHTS TO U.S.C. CONSTITUTING A TORT OF NEGLIGENCE UNDER LAW OF PA CONSTITUTING SUPERVISOR LIABILITY FAILING TO ACT 3 REMEDY WRONG IN COLLABORATION CONSTITUTING CIVIL CONSPIRACY PURSUANT TO U.S.C. CONSTITUTING RETALIATION IN VIOLATION OF 1ST AMENDMENT RIGHTS TO THE U.S.C.

411. PLAINTIFF REALLEGES & INCORPORATES PARAGRAPHS # 263-269

412. THE ACTIONS OF DEFENDANT C/O SCOT OF RETALIATING AGAINST PLAINTIFF IN HARRASSING PLAINTIFF FOR RIGHT TO REDRESS & DEPRIVING PLAINTIFF OF RAZOR TO SHAVE WERE DONE MALICIOUSLY & SADISTICALLY A FORM OF PRISON OPPRESSION AND CONSTITUTES CRUEL & UNUSUAL PUNISHMENT OF THE 8TH AMENDMENT OF THE U.S.C. CONSTITUTING DUE PROCESS OF LAW IN VIOLATIONS OF 14TH AMENDMENT OF THE U.S.C. CONSTITUTING RETALIATION IN VIOLATION OF 1ST AMENDMENT. IN COLLABRATION CONSTITUTING CIVIL CONSPIRACY CLAIMS PURSUANT TO U.S.C.

413. THE ACTIONS OF DEFENDANTS LT. WASHA BAUGH, MS. HAINSWORTH, DORINA VARNER, KERI MOORE IN COLLABORATION OF RETALIATION DOWNPLAYING PLAINTIFFS CLAIMS PROVIDING MERITLESS RATIONALES UPHOLDING ACTIONS COMMITTED CONCLUDING NO WRONG DOING W/O EVIDENCE DENYING PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF 14TH AMENDMENT FURTHER CONSTITUTES DELIBERATE INDIFFERENCE TO PLAINTIFFS RIGHTS & LIBERTY IN VIOLATION OF 8TH AMENDMENT RIGHTS TO U.S.C. CONSTITUTING A TORT OF NEGLIGENCE UNDER LAW OF PA CONSTITUTING SUPERVISOR LIABILITY FAILING TO ACT & REMEDY WRONG ALL IN COLLABORATION CONSTITUTING CIVIL CONSPIRACY PURSUANT TO U.S.C. & RETALIATION IN VIOLATION OF 1ST AMENDMENT RIGHTS TO U.S.C

414. PLAINTIFF REALLEGES AND INCORPORATES PARAGRAPHS # 270-278

415. THE ACTIONS OF DEFENDANTS MS. FULMER, MALE PSYCH, PSYCH DEPT OF SCI-SOMERSET IN RETALIATION FAILING TO ADDRESS PLAINTIFF MENTAL HEALTH, DOWNPLAYING PLAINTIFFS MENTAL HEALTH ISSUES COMMITTING FRAUD. AS IF PLAINTIFF DOES NOT HAVE MENTAL HEALTH NEEDS, FAILING TO PROTECT PLAINTIFFS MENTAL HEALTH NEEDS WERE DONE MALICIOUSLY & SADISTICALLY COLLABORATING WITH PRISON STAFF CONSTITUTES CRUEL & UNUSUAL PUNISHMENT OF THE 8TH AMENDMENT OF THE U.S.C. FAILING TO PROVIDE CARE & PROTECTION OF MENTAL HEALTH RIGHTS CONSTITUTES DUE PROCESS OF LAW IN VIOLATION OF 14TH AMENDMENT TO THE U.S.C. IN COLLABORATION CONSTITUTING CIVIL CONSPIRACY CLAIM PURSUANT TO U.S.C. & RETALIATION IN VIOLATION OF 1ST AMENDMENT RIGHTS TO U.S.C.

416. THE ACTIONS OF DEFENDANTS MS. FULMER, PSYCH DEPT & DIS. CARO, MS. HAINSWORTH DORINA VARNER & KERI MOORE IN COLLABORATION OF RETALIATION DOWN PLAYING PLAINTIFFS CLAIMS PROVIDING INCOMPETENT RATIONALES UPHOLDING ACTIONS COMMITTED IN PLAINTIFF BEING DEPRIVED MENTAL HEALTH TREATMENT W/O EVIDENCE DENYING PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF 14TH AMENDMENT, FURTHER CONSTITUTES DELIBERATE INDIFFERENCE TO PLAINTIFF RIGHTS & LIBERTY IN VIOLATION OF 8TH AMENDMENT RIGHTS TO U.S.C. CONSTITUTING A TORT OF NEGLIGENCE UNDER LAW OF PA. CONSTITUTING SUPERVISOR LIABILITY FAILING TO ACT & REMEDY WRONGDOING. ALL IN COLLABORATION CONSTITUTING CIVIL CONSPIRACY PURSUANT TO U.S.C IN RETALIATION IN VIOLATION OF 1ST AMENDMENT TO THE U.S.C.

417. Plaintiff realleges and incorporates paragraphs # 279-280.

418. The actions of Defendants Caird, major Tyler, Ms. McClelland, Lt. Ikninger, Lt. Kasterko, counselor Ritenour, Psych Ms. Lane, Ms. Fulmer, maile caird Psych in failing Tutable disciplinary or other action to cure the pattern of un accountability of staff actions against plaintiff & inmates officers of institution by Defendants in this complaint constitutes deliberate indifference to plaintiff & other inmates safety and contributed to and approximately caused the mention violations in complaint of 8th Amendment right to U.S.C constitutes a tort of negligence and or law of PA constituting supervisor liability failing to act or remedy the wrong doing and in collaboration constituting civil conspiracy pursuant to U.S.C.

419. The actions of Lt. Washabaugh, Ms. Hainsworth, Dorina Varner, Keri Moore in collaboration of retaliation downplaying issues presented providing meritless rationales upholding actions committed concluding no wrong doing w/o evidence failing to address issues deny plaintiff due process of law in violation of 14th Amendment further constitutes deliberate indifference to plaintiffs rights & safety & liberty in violation of 8th Amendment rights to U.S.C constitutes a tort of negligence under law of PA constituting supervisor liability failing to act & remedy the wrong doing. All in collaboration constituting civil conspiracy pursuant to U.S.C.

420. Plaintiff realleges and incorporates paragraphs # 281-284

421. The actions of Defendants Ms. Pyle & Lt. Abbott in retaliation against plaintiff in committing fraud, falsifying government documentation, systematic & official oppression, failing to intervene properly & protect plaintiff not conducting a full & proper investigation which was done maliciously & sadistically and constituting cruel & unusual punishment in violation of the 8th Amendment of the U.S.C constituting due process of law in violation of 14th Amendment of the U.S.C in collaboration constitutes civil conspiracy claim pursuant to U.S.C downplaying issues providing rationales upholding actions committed constituting supervisor liability failing to remedy the wrong.

422. The actions of Defendants Ms. McClelland, Ms. Hainsworth, Dorina Varner, Keri Moore in collaboration of retaliation downplaying plaintiffs issue providing rationales upholding actions committed concluding no wrong doing w/o evidence or merit to prove unsubstantiation denying plaintiff due process of law in violation of 14th Amendment to the U.S.C further constitutes deliberate indifference to plaintiffs rights & liberty in violation of 8th Amendment rights to the U.S.C constituting a tort of negligence under law of PA, constituting supervisor liability failing to act & remedy wrong in collaboration constituting

- civil conspiracy claim pursuant to U.S.C.

423. Plaintiff realleges & incorporates paragraphs # 285-288.

424. The actions of Defendant Lt Waiters in retaliating against Plaintiff when Plaintiff was a right to redress & be free from retaliation adverse actions depriving Plaintiff basic needs with malicious intent that reason is unjustifiable without due process & reason constituting retaliation in violation of 1st Amendment of the U.S.C., constituting cruel & unusual punishment in violation of the 8th Amendment of the U.S.C. constituting due process of law in violation of the 14th Amendment of the U.S.C., in collaboration constituting civil conspiracy pursuant to U.S.C.

425. The actions of Defendants Ms. McClelland, Hainsworth, Dorina Varner, Keri Moore in retaliation collaborating down playing Plaintiffs issues providing rationales upholding actions committed concluding to no wrong doing w/o evidence or merit to prove claims false denying Plaintiff due process of law in violation of the 14th Amendment to the U.S.C. Further constitutes deliberate indifference to Plaintiff rights & liberty in violation of the 8th Amendment right to U.S.C. constituting a tort of negligence under law of PA Constitution supervisor liability failing to act & remedy wrong doing in collaboration constituting civil conspiracy claim pursuant to U.S.C. in retaliation constituting a violation of 1st Amendment rights to the U.S.C.

426. Plaintiff realleges and incorporates paragraphs # 289-292.

427. The actions of Defendants c/o Scott in retaliating against Plaintiff committing an ongoing campaign of harassment threaten Plaintiff's life for rights to redress which was done with malicious intent constituting cruel & unusual punishment to 8th Amendment to the U.S.C. constituting retaliation in violation of the 1st Amendment to the U.S.C. in collaboration constituting civil conspiracy claim pursuant to U.S.C.

428. The actions of Defendants Lt. Waiters, Ms. Hainsworth, Dorina Varner, Keri Moore in retaliation collaborating downplaying issues providing rationales upholding actions committed concluded to wrong doing w/o evidence or merit to support rationales denying Plaintiff due process of law in violation of the 14th Amendment to the U.S.C. further constitutes deliberate indifference to Plaintiffs rights & liberty in violation of the 8th Amendment rights to U.S.C. constituting a tort of negligence under law of PA, constituting supervisor liability failing to act remedy wrong in collaboration constituting civil conspiracy claim pursuant to U.S.C. in retaliation constituting violation of 1st Amendment rights to the U.S.C.

429. Plaintiff realleges and incorporates paragraphs #293-298.

430. The action of defendants RHU staff of SCI-Somerset, c/o Shultz in retaliation depriving Plaintiff of his law library on multiple consecutive occasions not allowing Plaintiff law library which was done with malicious intent interfering with Plaintiffs preparation of current legal proceeding. In retaliation constituting Due Process of law in violation of 14th amendment of the U.S.C. constituting access to court in violation of 1st, 6th, 14th amendments of the U.S.C., campaign of harrassment deprivement in violation of 8th amendment of the U.S.C. constituting retaliation in violation of the 1st amendment to the U.S.C. in collaboration constituting civil conspiracy claim pursuant to U.S.C.

431. The actions of defendant's McClelland, Caro, Ms. Mainsworth, Dorina Dorina Varner, Keri Moore in retaliation collaborating down Plaintiffs issues providing rationales upholding actions committed, failing to interview witnesses concluding to wrong doing w/o evidence or merit to support rationales denying Plaintiff Due Process of law in violation of the 14th amendment to the U.S.C. further constitutes deliberate indifference to Plaintiffs rights & liberty in violation of the 8th amendment right to the U.S.C. constituting a tort of negligence under law of Pa, constituting supervisor liability failing to remedy wrong and act, in collaboration constituting civil conspiracy claim pursuant to U.S.C. in retaliation constituting violation of 1st amendment rights to the U.S.C.

432. Plaintiff realleges & incorporates paragraphs #299-300

433. The actions of defendant c/o Scott in retaliating against Plaintiff & other inmates, harrassing & depriving Plaintiff of basic need w/o due process with malicious intent constituting Due Process of law in violation of the 14th amendment of the U.S.C., constituting retaliation in violation of the 1st amendment of the U.S.C. depriving basic needs constituting cruel & unusual punishment in violation of the 8th amendment of the U.S.C. in collaboration constituting civil conspiracy claim pursuant to U.S.C.

434. The actions of defendant's Christie Svenck, Mainsworth in retaliation not reviewing & responding to Plaintiff grievance in violation of Plaintiff Due Process of law rights of the 14th amendment to the U.S.C. further constitutes deliberate in difference to Plaintiffs rights & liberty in violation of the 8th amendment rights to the U.S.C. constituting a tort of negligence under law of Pa constituting supervisor liability failing to remedy wrong doing an act in collaboration constituting civil conspiracy claims pursuant to U.S.C. in retaliation constituting violation of 1st amendment rights to the U.S.C.

435. PLAINTIFF REALLEGES 3 INCORPORATES PARAGRAPHS # 301-306.

436. THE ACTIONS OF DEFENDANTS C/O SCOTT 3 REESEMAN IN RETALIATING AGAINST PLAINTIFF 3 OTHER INMATES. HARRASSING PLAINTIFF 3 INSTIGATING A DISTURBANCE 3 DEPRIVING BASIC NEEDS CONSTITUTING RETALIATION IN VIOLATION OF THE 1ST AMENDMENT OF THE U.S.C. CONSTITUTING CRUEL AND UNUSAL PUNISHMENT CREATING UNSAFE ENVIRONMENT IN VIOLATION OF 8TH AMENDMENT OF THE U.S.C. IN COLLABORATION CONSTITUTING CIVIL CONSPIRACY CLAIM PURSUANT TO U.S.C.

437. THE ACTION OF DEFENDANTS CHRISTIE SHENCK, MS. HAINSWORTH IN RETALIATION IN NOT REVIEWING 3 RESPONDING TO PLAINTIFF GRIEVANCE IN VIOLATION OF PLAINTIFF DUE PROCESS RIGHTS OF THE 14TH AMENDMENT TO THE U.S.C. FURTHER CONSTITUTES A TORT OF NEGLIGENCE UNDER LAW OF PA. CONSTITUTING, DELIBERATE INDIFFERENCE TO PLAINTIFF RIGHTS 3 LIBERTY IN VIOLATION OF 8TH AMENDMENT RIGHTS TO THE U.S.C. CONSTITUTES SUPERVISOR LIABILITY FAILING TO REMEDY WRONG AND ACTION COLLABORATION CONSTITUTING CIVIL CONSPIRACY CLAIMS PURSUANT TO U.S.C. IN RETALIATION CONSTITUTING A VIOLATION OF 1ST AMENDMENT RIGHTS TO THE U.S.C.

438. PLAINTIFF REALLEGES 3 INCORPORATES PARAGRAPHS # 307.

439. THE ACTIONS OF DEFENDANTS C/O SCOTT, SGT. WHITACRE IN RETALIATION AGAINST PLAINTIFF 3 OTHER INMATES. HARRASSING PLAINTIFF INSTIGATING A DISTURBANCE IN DEPRIVING PLAINTIFF OPPORTUNITY TO CELL CHANGE BASIC NEED CHANGING PT'S WHICH WAS DONE WITH MALICIOUS INTENT CONSTITUTING CRUEL AND UNUSUAL PUNISHMENT CREATING UNSAFE IN VIOLATION OF 8TH AMENDMENT RIGHTS TO THE U.S.C. IN RETALIATION IN VIOLATION OF 1ST AMENDMENT RIGHTS TO THE U.S.C. AND COLLABORATION CONSTITUTING CIVIL CONSPIRACY CLAIM PURSUANT TO U.S.C.

440. THE ACTIONS OF DEFENDANTS CHRISTIE SHENCK, MS. HAINSWORTH IN RETALIATION IN NOT REVIEWING 3 RESPONDING TO PLAINTIFF GRIEVANCE IN VIOLATION OF PLAINTIFFS DUE PROCESS OF LAW RIGHTS OF THE 14TH AMENDMENT TO THE U.S.C. FURTHER CONSTITUTES DELIBERATE INDIFFERENCE TO PLAINTIFFS RIGHTS 3 LIBERTY IN VIOLATION OF 8TH AMENDMENT RIGHTS TO THE U.S.C. CONSTITUTING A TORT OF NEGLIGENCE UNDER STATE LAW OF PA. CONSTITUTING SUPERVISOR LIABILITY FAILING TO REMEDY WRONG AND ACT ON IT IN COLLABORATION CONSTITUTING CIVIL CONSPIRACY CLAIM PURSUANT TO U.S.C. IN RETALIATION CONSTITUTING VIOLATION OF 1ST AMENDMENT RIGHTS TO U.S.C.

441. PLAINTIFF REALLEGES 3 INCORPORATES PARAGRAPHS # 308-310.

442. THE ACTIONS OF DEFENDANTS SGT. WHITACRE IN RETALIATION COMMITTING FRAUD, FALSIFYING GOVERNMENT DOCUMENTATION, SLANDER, LIBEL PER SE AGAINST PLAINTIFF CLAIM. PLAINTIFF HAD A CONTAINER TO COVER UP THE FACT HE DEPRIVED PLAINTIFF HIS YARD IN RETALIATION WITH MALICIOUS INTENT CONSTITUTED CRUEL 3 UNUSUAL PUNISHMENT IN VIOLATION OF 8TH AMENDMENT RIGHTS OF THE U.S.C. IN RETALIATION IN VIOLATION OF 1ST AMENDMENT RIGHTS OF THE U.S.C. IN ONGOING COLLABORATION CONSTITUTING CIVIL CONSPIRACY CLAIMS PURSUANT TO U.S.C.

443. THE ACTIONS OF DEFENDANTS LT WALTERS, MS. HAINSWORTH, DORINA VARNER, KERI MOORE IN RETALIATION IN PROVIDING RATIONALES UPHOLDING ACTIONS COMMITTED NOT ACKNOWLEDGING ANY WRONGDOING PROVIDING NO EVIDENCE TO PROVE PLAINTIFF ISSUE'S ARE FALSE DENYING PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF 14 AMENDMENT TO THE U.S.C. FURTHER CONSTITUTES DELIBERATE INDIFFERENCE TO PLAINTIFFS RIGHTS 3 LIBERTY IN VIOLATION OF 8TH AMENDMENT RIGHTS TO THE U.S.C. CONSTITUTING A TORT OF NEGLIGENCE UNDER LAW OF PA, CONSTITUTING SUPERVISOR LIABILITY FAILING TO REMEDY WRONG DOING AND ACT ON IT, IN COLLABORATION CONSTITUTING CIVIL CONSPIRACY IN RETALIATION. CONSTITUTING VIOLATION OF 1ST AMENDMENT RIGHTS TO THE U.S.C.

444. PLAINTIFF REALLEGES 3 INCORPORATES PARAGRAPHS # 311

445. THE ACTIONS OF DEFENDANTS SCI-SOMERSET MAILROOM SUPERVISOR R. WIEGLE OF RETALIATION IN OPENING PLAINTIFFS LEGAL MAIL OUTSIDE HIS PRESENCE KNOWING COST AT HAND AT THE TIME WAS AGAINST STAFF IN PRISON THIS WAS DONE MALICIOUSLY 3 SADISTICALLY CUT MAILROOM STAFF WHEN ALL LEGAL MAIL HAS TO BE OPEN IN THE PRESENCE OF THE RECIEVER 3 CONSTITUTED @ 1ST, 14TH 6TH AMENDMENT RIGHTS TO THE U.S.C. IN VIOLATION ACCESS TO COURT, DUE PROCESS 3 RETALIATION.

446. THE ACTIONS OF DEFENDANTS C. WIEGLE, MS. HAINSWORTH, DORINA VARNER, KERI MOORE IN RETALIATION IN PROVIDING RATIONALES UPHOLDING ACTIONS COMMITTED NOT ACKNOWLEDGING WRONGDOING PROVIDING NO EVIDENCE TO JUSTIFY ACTIONS COMMITTED DENYING PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF 14TH AMENDMENT RIGHTS TO THE U.S.C. FURTHER CONSTITUTES DELIBERATE INDIFFERENCE TO PLAINTIFFS RIGHTS 3 LIBERTY IN VIOLATION OF 8TH AMENDMENT RIGHTS TO U.S.C. CONSTITUTING A TORT OF NEGLIGENCE UNDER LAW OF PA, CONSTITUTING SUPERVISOR LIABILITY FAILING TO REMEDY WRONG DOING AND ACT ON IT, IN COLLABORATION CONSTITUTING CIVIL CONSPIRACY PURSUANT TO U.S.C. IN RETALIATION IN VIOLATION OF 1ST AMENDMENT RIGHTS TO U.S.C.

447. PLAINTIFF REALLEGES 3 INCORPORATES PARAGRAPHS # 312 : 315.

448. THE ACTIONS OF DEFENDANTS C/O SCOTT, 3 C/O MARKS IN THE ONGOING HARRASSMENT 3 RETALIATION, THE CONSTANT THREATS AGAINST PLAINTIFF WHICH WAS DONE WITH MALICIOUS INTENT IN RETALIATION FROM PAST HISTORY AGAINST PLAINTIFF CONSTITUTING A VIOLATION OF PLAINTIFF 1ST AMENDMENT RIGHTS TO THE U.S.C. CONSTITUTING A CAMPAIGN OF HARRASSMENT IN VIOLATION OF PLAINTIFFS 8TH AMENDMENT RIGHTS CRUEL 3 UNUSUAL PUNISHMENT. IN COLLABORATION CONSTITUTING CIVIL CONSPIRACY PURSUANT TO U.S.C.

449. THE ACTIONS OF DEFENDANTS LT WALTERS, MS. HAINSWORTH, MS. PYLE IN RETALIATION IN UP HOLDING ACTIONS COMMITTED NOT ACKNOWLEDGING WRONG DOING PROVIDING NO EVIDENCE TO ASSERT PLAINTIFFS CLAIM INVALID, FURTHER COMMITTING

449. Fraud in falsifying government documentation in retaliation claiming Plaintiff & Defendant I mentioned nature and history which is fraud in full further depriving Plaintiff due process of law by not responding to appeal to responses these actions constituted violation of due process of law rights 14th amendment to the U.S.C. constitutes deliberate indifference to Plaintiffs rights & liberty in violation of 8th amendment rights to the U.S.C. constituting a tort of negligence under state law of PA constituting supervisor liability failing to remedy wrong doing and act on it in collaboration constituting civil conspiracy claim pursuant to U.S.C. in retaliation constituting violation of 1st amendment rights to the U.S.C.

450. Plaintiff realleges & incorporates paragraphs # 316-323

451. The actions of Defendants c/o Medva, c/o Fisher, c/o Kopelic, Sgt Rubersk in collaborating in retaliation authorizing the fabricated misconduct led by Defendant c/o Medva committing fraud, falsifying government documentation, slander libel per se, against Plaintiff constituting violation of due process rights of the 14th amendment rights to the U.S.C. constituting deliberate indifference to Plaintiffs rights & liberty in violation of 8th amendment rights to the U.S.C. constituting civil conspiracy pursuant to U.S.C. in retaliation constituting violation of 1st amendment rights to U.S.C.

452. The actions of Defendants S. Wiggins, PRC of SCI-Somerset Ms. Mainsworth, Chief Hearing Examiner in retaliating collaborating upholding actions committed not acknowledging wrong doing providing no evidence to assert Plaintiffs claims are invalid, failing to interview witness, review video footage of incident concluding Plaintiff is guilty, giving Plaintiff maximum days per charge run consecutive based on a statement in the misconduct, down playing Plaintiffs issues presented in appeal, denying Plaintiff proper review, not reviewing Plaintiff appeal w/o proof constituting in a violation of Plaintiff due process of law rights to the 14th amendment of the U.S.C. constituting deliberate indifference to Plaintiffs rights & liberty in violation of 8th amendment rights to U.S.C. constitutes a tort of negligence under law of PA, constituting supervisor liability failing to remedy wrong doing and act on it, in collaboration constituting civil conspiracy claim pursuant to U.S.C. in retaliation constituting a violation of 1st amendment rights to the U.S.C.

453. Plaintiff realleges & incorporates paragraphs # 324

454. The actions of Defendants, PRC of SCI-Somerset, Counselor Ritenour, Security Dept of SCI-Somerset in retaliation committing fraud

- FALSIFYING GOVERNMENT DOCUMENTATION, ILLEGAL PLACEMENT INTO STGMU PROGRAM W/OUT DUE PROCESS SUBJECTING PLAINTIFF TO LONG TERM SEGREGATION IN RHU PROGRAM WHICH WAS DONE IN RETALIATION WITH MALICIOUS INTENT, NEVER REVIEWING PLAINTIFF OR PUTTING PLAINTIFF ON NOTICE CONSTITUTING A VIOLATION OF PLAINTIFFS DUE PROCESS OF LAW RIGHTS OF THE 14TH AMENDMENT TO THE U.S.C., SUBJECTING PLAINTIFF TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF 8TH AMENDMENT RIGHTS TO THE U.S.C. IN RETALIATION PLACEMENT CONSTITUTING A VIOLATION OF 1ST AMENDMENT RIGHTS TO THE U.S.C. IN COLLABORATION CONSTITUTING CIVIL CONSPIRACY CLAIM PURSUANT TO U.S.C.

85. THE ACTIONS OF DEFENDANTS MR. OVERMYER, ZACHARY MOSLAK, MS HAINSWORTH IN RETALIATION COLLABORATING UPHOLDING ACTIONS COMMITTED NOT ACKNOWLEDGING WRONG DOING, IN PROVIDING NO EVIDENCE TO ASSERT PLAINTIFFS CLAIMS ARE INVALID CONCLUDING PLACEMENT IS JUSTIFIED DOWN PLAYING ISSUES PRESENTED IN APPEAL DENYING PLAINTIFF FAIR AND PROPER REVIEW W/O PROOF FOR PLACEMENT CONSTITUTING IN VIOLATION OF PLAINTIFF DUE PROCESS OF LAW RIGHTS TO THE 14TH AMENDMENT OF THE U.S.C. CONSTITUTING DELIBERATE INDIFFERENCE TO PLAINTIFFS RIGHTS & LIBERTY IN VIOLATION OF 8TH AMENDMENT RIGHTS TO THE U.S.C. CONSTITUTING A TORT OF NEGLIGENCE UNDER STATE LAW OF PA, CONSTITUTING SUPERVISOR LIABILITY FAILING TO REMEDY WRONGDOING AND ACT ON IT, IN COLLABORATION CONSTITUTING CIVIL CONSPIRACY PURSUANT TO U.S.C. IN RETALIATION CONSTITUTING A VIOLATION OF 1ST AMENDMENT RIGHTS TO THE U.S.C.

# <u>PRAYER FOR RELIEF</u>

<u>1.</u> WHERE FORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGEMENT GRANTING PLAINTIFF:

<u>2.</u> A DECLARATION THAT THE ACTS & OMISSION DESCRIBED HEREIN VIOLATED PLAINTIFFS RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES.

<u>3.</u> A PRELIMINARY INJUNCTION & PERMANENT INJUNCTION ORDERING ALL DEFENDANTS A STAFF SEPERATION TO KEEP DEFENDANTS AND PLAINTIFF SEPERATED FOR THE REMAINDER OF PLAINTIFFS INCARCERATION & TRANSFER TO SCI-ALBION OR SCI CHESTER.

<u>4.</u> COMPENSATORY DAMAGES IN THE AMOUNT OF $300,000 (THREE HUNDRED THOUSAND DOLLARS) FOR REASONS & INJURIES SET FORTH IN COMPLAINT AGAINST EACH DEFENDANT JOINTLY & SEVERALLY.

<u>5.</u> PUNITIVE DAMAGES IN THE AMOUNT OF $300,000.00 (THREE HUNDRED THOUSAND DOLLARS) AGAINST EACH DEFENDANT JOINTLY & SEVERALLY FOR THE DELIBRATE VIOLATION OF PLAINTIFFS RIGHTS.

<u>6.</u> A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY

<u>7.</u> PLAINTIFF COST IN THIS SUIT INCLUDING BUT NOT LIMITED TO ATTORNEY FEES.

<u>8.</u> ANY ADDITIONAL RELIEF THIS COURT DEEMS, JUST, PROPER, FAIR, REASONABLE & EQUITABLE.

DATED: <u>11</u> / <u>5</u> / <u>19</u>

RESPECTFULLY SUBMITTED WITH PEACE

BRANDON BARNES
#JZ4781
SCI-BENNER TOWNSHIP
301 INSTITUTION DRIVE
BELLEFONTE, PA 16823

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDON BARNES,
          PLAINTIFF,
                    V.
C/O KATIE MEDVA ET. AL.,
          DEFENDANTS,

DECLARATION SWORE TO THE
PENALTIES OF PERJURY TO
VERIFY THE CLAIMS LISTED
IN THE §1983 COMPLAINT

## VERIFICATION

PLAINTIFF AS AFOREMENTION INITIATED THIS § 1983 CIVIL ACTION TO SEEK REDRESS FOR THE VIOLATION OF HIS CONSTITUTIONAL PROTECTED RIGHTS, AND PLAINTIFFS CLAIMS ARE VALID.

I, BRANDON BARNES, HERE BY DECLARE THAT THE TRUE & FACTS MATTERS ALLEGE ON INFORMATION THERE IN ARE TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION & BELIEF AND ARE SUBJECTED TO THE PENALTIES OF PERJURY PURSUANT TO 28 U.S.C. § 1746 (RELATING TO UNSWORN DECLARATIONS).

EXECUTED: BELLEFONTE, PENNSYLVANIA

DATED: NOV. 5TH 2019                    BY BRANDON BARNES
                                        /s/ _____

C.C.: File BDB

47

## PROOF OF SERVICE

I, BRANDON DANTÉ BARNES, HERE BY DECLARE THAT I HAVE ENCLOSED A TRUE & EXACT COPY OF MY 46 PAGE COMPLAINT ATTACHED WITH 24 AFFADAVITS NUMBERED WITH A COVER LETTER TO THE PARTY BELOW I CERTIFY THIS UNDER THE PENALTY OF PERJURY THIS IS TRUE & CORRECT PURSUANT TO 26USC. 81746.

TO:    CLERKS OFFICE
UNITED STATES  DISTRICT COURT
700 GRANT STREET & ROOM 3110
PITTS BURGH, PA   15219

(FIRST CLASS MAIL)

FROM: BRANDON DANTÉ BARNES
#JZ4781
SCI- BENNER
301 INSTITUTION DRIVE
BELLEFONTE, PA 16823

DATED 11 / 5 / 19
CC: File. 60B