IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

BRANDON DANTE BARNES,                          )
                                               )
              Plaintiff,                        )          3:19-CV-00202-SLH
                                               )
       vs.                                     )
                                               )
CO KYLE MEDVA, SARGEANT                         )
POBORSKY, C/O  KOPELIC, C/O                      )
FISHER, C.O.  GERBER, LT. MARK A.               )
TURNER, C/O  BORNSTNAR, SGT.                     )
WHITACRE, C/O  LOMONDE, C/O                      )
CAPUTA, DR.  KAUFFMAN, C/O                       )
SHROMER, LIEUTENANT BOYCE, AL                    )
JOSEPH, C. WADSWORTH, B.J.                       )
SALAMON, MS.  MCCLELLAND,                        )
CHRISTIE SCHENCK, GRIEVANCE                      )
COORDINATOR;  SCI SOMERSET                       )
SECURITY DEPT., LT.  THOMAS,  SCI               )
SOMERSET MAILROOM, MS.  LAFFE,                   )
PSYCH; MR.  CARO, MS.  PYLE, LT.                 )
WALTERS, LT.  WASHABAUGH, CO                     )
SCOTT, CO  GIBSON, C/O  YINGLING,               )
CO  REESEMAN, MS.  FULMER,                       )
PSYCHOLOGIST; CO  SHULTZ, C.                     )
WIEGLE, MAILROOM SUPERVISOR;                     )
BRIAN HYDE, JAMES BARNACLE, OSSI;               )
MELISSA HAINSWORTH, FACILITY                     )
MANAGER OF SCI SOMERSET; E. TICE,               )
F.M.; DORINA VARNER, KERI MOORE,                )
S. WIGGINS, HEX.; CO  TRESSLER, B.M.            )
DECKER, COUNSELOR  RITENHOUR,                    )
F.M. OVERMYER, MAJOR  TILLER, LT.               )
ABBOTT, CO  SWEITZER, SGT.                       )
BLYTHE, CO  MURPHY, LT.  KIM, LT.               )
LINDSEY, CO  ROSE, LT.  KILLINGER,              )
ZACHARY MOSLAK, CHIEF HEARING                    )
EXAMINER; AND C/O  MARKS,                        )
                                               )
              Defendants,                        )

## REPORT AND RECOMMENDATION

Cynthia Reed Eddy, Chief United States Magistrate Judge.

## I.   RECOMMENDATION

This civil action was initiated by pro se Plaintiff Brandon Dante Barnes ("Plaintiff") against numerous Defendants for alleged violations of his civil rights while incarcerated in the Pennsylvania Department of Corrections State Correctional Institution ("SCI") at Somerset and Forest.

Presently before the Court are the following:

1. A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants ABBOTT, JAMES BARNACLE, BLYTHE, BORNSTNAR, LIEUTENANT BOYCE, CAPUTA, CARO, B.M. DECKER, FISHER, FULMER, GERBER, GIBSON, MELISSA HAINSWORTH, BRIAN HYDE, AL JOSEPH, KILLINGER, KIM, KOPELIC, LAFFE, LINDSEY, LOMONDE, MARKS, MCCLELLAND, KYLE MEDVA, KERI MOORE, ZACHARY MOSLAK, MURPHY, OVERMYER, SARGEANT POBORSKY, PYLE, REESEMAN, RITENHOUR, ROSE, B.J. SALAMON, CHRISTIE SCHENCK, SCI SOMERSET MAILROOM, SCI SOMERSET SECURITY DEPT., SCOTT, SHROMER, SHULTZ, SWEITZER, THOMAS, E. TICE, TILLER, TRESSLER, MARK A. TURNER, DORINA VARNER, C. WADSWORTH, WALTERS, WASHABAUGH, WHITACRE, C. WIEGLE, S. WIGGINS, YINGLING (collectively "Corrections Defendants") (ECF No. 59); and

2. A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Ellis Kauffman ("PA Kauffman") (ECF No. 61).

While Plaintiff was granted two extensions of time to respond to the pending motions to dismiss, he failed to provide any response and therefore the motions will be decided without the benefit of Plaintiff's response.  The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

For the reasons that follow, it is respectfully recommended as follows:

The Corrections Defendants' motion to dismiss be granted in part and denied in part and PA Kauffman's motion to dismiss be granted.  Specifically, it is respectfully recommended that Plaintiff's claims for Eighth Amendment excessive force pursuant to 42 U.S.C. § 1983 against C/O Medva, Sgt. Porborsky, C/O Gerber and the John/Jane Doe Corrections Officers, and for assault and battery under Pennsylvania law against C/O Medva, C/O Gerber, and the John/Jane

Doe Corrections Officers survive dismissal and proceed to discovery and all other claims and Defendants be dismissed with prejudice.

**II.      REPORT**

    a.  Background

Plaintiff initiated this lawsuit on November 21, 2019 with a complaint that spanned 455 paragraphs and forty-eight (48) pages in length and naming fifty-five (55) Defendants and complaining of alleged constitutional violations pertaining to multiple different occurrences spanning a period of years.  Defendants moved to dismiss Plaintiff's complaint for failure to conform with Federal Rule of Civil Procedure 8, which the Court granted. The Court further allowed Plaintiff the opportunity to amend his complaint and specifically informed him that his complaint was being dismissed because it was "rambling, ambiguous, nearly incomprehensible and [did] not give the defendants fair notice of the claims asserted against them." Rep. and Rec. (ECF No. 43) (adopted by Memo. Order (ECF No. 47)).  Plaintiff was directed to file an amended complaint

> on the approved form, a copy of which is included here, must include all defendants and causes of action, and must set forth clearly identified causes of action in separate paragraphs that both identify Plaintiff's legal theories, facts suggestive of the proscribed conduct, and which defendants he asserts the specific cause of action against. His amended complaint must be one stand-alone document without reference to any other document filed in this case. Plaintiff is cautioned that the opportunity to file an amended complaint does not invite enlarging the lawsuit by filing new allegations not related to the allegations in the original complaint or by adding defendants not related to the allegations in the original complaint. Inclusion of new allegations and claims unrelated to those set forth in the original complaint, or his failure to submit an amended complaint that is simple, concise, and direct will be considered a failure to comply with an Order of Court and may lead to the dismissal of the amended complaint with prejudice.

Rep. and Rec. (ECF No. 43) (adopted by Memo. Order (ECF No. 47)).

Despite these instructions, Plaintiff filed the operative Amended Complaint and did not

address many of the deficiencies outlined in the first dismissal Opinion and Order. In the Amended Complaint, Plaintiff names fifty-five (55) Defendants and his complaint spans 270 paragraphs, including fifty-six (56) separate causes of action.

Plaintiff includes factual averments which are not relevant to any legal recognizable causes of action and complain about the regular occurrences of everyday prison life and ad hominem attacks of the prison system generally. These averments will not be considered and only the well-pleaded facts relevant to support a cause of action are outlined below:

- On November 7, 2017, Plaintiff was waiting in line for a meal when his block ran out of food and he attempted to walk to another block to get in line for a meal when C/O Medva directed him to return to his own block. Plaintiff attempted to speak to Sgt. Porborsky and C/O Medva directed Plaintiff to return to his block and ordered him against the wall. Plaintiff alleges that Sgt. Porborsky was present and did not do anything. A scuffle with C/O Medva ensued in which Plaintiff was subdued by unnamed C/Os and cuffed and sprayed with Oleoresin Capsicum "O.C. Spray", called racial epithets and sustained a fractured ankle, a bruised leg, cuts on the back of his head and loss of eyesight and a swollen eye. Am. Compl. (ECF No. 57) at ¶¶ 56-102.

- Plaintiff was thereafter taken to medical and treated by a nurse where his injuries were photographed. He was then placed in the Restricted Housing Unit ("RHU"). *Id*. at ¶¶ 103-107.

- The day after the incident, C/O Marks and C/O Bornstar denied Plaintiff breakfast and made threatening statements to Plaintiff. 117-123. C/O. Bornstar also denied Plaintiff lunch that date. *Id*. at ¶ 127.

- On November 8, 2017, Plaintiff alleges that C/O Marks issued a fabricated misconduct against Plaintiff, that during the disciplinary hearing, Plaintiff was not permitted to present witnesses by "S. Wiggins" and he received 135 days in Disciplinary Custody for it. *Id*. at ¶¶ 125-126.

- On November 9, 2017, C/O Lomonde deprived Plaintiff of breakfast and referenced that his refusal to provide Plaintiff with a breakfast tray was because of Plaintiff's scuffle with C/O Medva. *Id*. at ¶ 130.

- Plaintiff complained to Lt. Turner and Sgt. Whitacre who did not take any action to provide Plaintiff with his meals. *Id*. at ¶ 131.

- On November 9, 2017, C/O Caputa denied Plaintiff a lunch tray. *Id*. at ¶ 132.

- Thereafter, Plaintiff falsely claimed that he was suicidal, and he was placed in the P.O.C. from November 9 – 15, 2019. 133-134.  While in the medical unit, he was seen by PA Kaufman who Plaintiff alleges refused to take photos of his injuries, but he was given pain medication for his injuries.  Plaintiff also takes issue that he was not given an X-ray until December 20, 2017. *Id*. at ¶¶ 134-137.

- Plaintiff claims that all his grievances were denied in retaliation for filing them by Al Joseph. *Id*. at ¶¶ 138-140.

- Plaintiff claims that he was further retaliated against by not being expeditiously transferred out of the facility and claims he complained about this to V.M. McClelland and Counselor Ritenour and alleges this is further evidence of retaliation.  Plaintiff further alleges that he was informed by unnamed individuals that he had to complete his disciplinary custody time before he was transferred. *Id*. at ¶¶ 141-143.

- Plaintiff alleges that he was in disciplinary custody for 315 days and was not able to shower, use a razor, or go to the yard. *Id*. at ¶ 144.

- Plaintiff was then transferred to SCI Forest on March 2, 2018 and was placed in the STGMU because of the staff assault that occurred at SCI Somerset. Plaintiff alleges that he was never evaluated for placement in the Security Threat Group Management Unit ("STGMU") and claims this is retaliation. 151-161.  Plaintiff claims a PRC review was conducted for placement in the STGMU on May 11, 2018 where "Ms. Pyle" stated that Plaintiff was placed in the STGMU because he assaulted a corrections officer. *Id*. at ¶ 166.

- Plaintiff alleges that on May 16, 2018, his cell was searched by Defendants Sgt. Whitacre, C/O Bornstar, C/O Scott, C/O Gibson, C/O Yingling, C/O Reeseman and two other C/Os took Plaintiff to the shower while his cell was searched and claims his personal belongings were thrown all over his cell and he was missing books, cosmetics and a sheet. *Id*. at ¶¶ 177-181.  He claims that after his cell search C/O Scott threatened to "blow his head off." *Id*. at ¶ 182.  Plaintiff admitted that he was using the sheet as a privacy screen on his cell. *Id*. at ¶ 188. Plaintiff claims that he did not have a blanket, sheets or a pillowcase for a month. *Id*. at ¶ 191.

- He generally claims that he complained that he needed mental health treatment but never received it. *Id*. at ¶¶ 196-199.

- On June 11, 2018, his legal mail was received opened. *Id*. at ¶ 203.

    b.  <u>Standard of Review</u>

### i.  *Pro Se Pleadings*

A pro se pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). As a result, a pro se complaint under 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted).  While pro se litigants are afforded this leniency, they "do not have a right to general legal advice from judges," and "courts need not provide substantive legal advice to pro se litigants" because pro se litigants must be treated "the same as any other litigant." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### ii.  *Federal Rule of Civil Procedure 8*

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While Plaintiff is afforded leniency in his filings as a pro se litigant, he is not exempt from satisfying basic pleading requirements. *Haines*, 404 U.S. at 520.  Rule 8(e) further provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 at 169 (2d ed. 1990).

If the complaint is "illegible or incomprehensible", *Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007), "is not only of an unwieldly length, but it is also largely unintelligible", *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007), or "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised", *Tillio v. Spiess*, 441 F.

App'x 109, 110 (3d Cir. 2011) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)), it is necessary to dismiss the complaint for violating Rule 8. *See also Mincy v. Klem*, 303 F. App'x 106 (3d Cir. 2008); *Rhett v. New Jersey State Superior Ct.*, 260 F. App'x 513 (3d Cir. 2008); *Bennett-Nelson v. Louisiana Bd. of Regents*, 431 F.3d 448, 450 n.1 (5th Cir. 2005). "Rule 8(a) requires parties to make their pleadings straight forward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Similarly, dismissal is warranted under Rule 8 when a complaint leaves the "defendants having to guess what of the many things discussed constitute[s]" a cause of action, *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to not permit defendants to present an appropriate response. *Tillio*, 441 F. App'x 109.

### iii.   Federal Rule of Civil Procedure 12(b)(6)

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts

7

to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). Yet the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556) (internal citations omitted).

When considering a Fed. R. Civ. P. 12(b)(6) motion, the court's role is limited to determining whether a plaintiff has a right to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). The court does not consider

whether a plaintiff will ultimately prevail. *Id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

As a general rule, if a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Even so, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents integral to or explicitly relied on in the complaint, even if they are not attached , without converting the motion into one for summary judgment. *Mele v. Fed. Rsrv. Bank of New York*, 359 F.3d 251, 256 n.5 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

c.   <u>Discussion</u>

There are myriad threshold issues to discuss prior to discussing the substance of Plaintiff's claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted[.]").

i.   *Federal Rule of Civil Procedure 8*

Plaintiff names several Defendants in the caption of his complaint but imputes no discernable illegal conduct with respect to C/O Kopelic, C/O Fisher, C/O Shromer, Lt. Thomas, Lt. Walters, Lt. Washabaugh, Ms. Fulmer, C/O Shultz, C/O Tressler, James Barnacle, B.M. Decker, Lt. Abbott, C/O Sweitzer, Sgt. Blythe, C/O Murphy, Lt. Kim, Lt. Lindsey, C/O Rose, Zachary Moslak, and Brian Hyde.  By not describing any illegal conduct by these Defendants "in the apparent hope that [the court] will ferret out the elements of a cause of action against these defendants, is legally insufficient to state a claim." *Haskins v. Tice*, No. 1:16-CV-2002, 2016 WL

6583050, at *5 (M.D. Pa. Oct. 3, 2016), report and recommendation adopted, No. 1:16-CV-2002, 2016 WL 6563686 (M.D. Pa. Nov. 4, 2016).   Plaintiff was previously informed that he was required to comply with Rule 8 and his complete failure to include any well-pleaded facts against these defendants leaves them "having to guess what of the many things discussed constitute[s] [a cause of action]." *Binsack*, 438 F. App'x 158.   Accordingly, it is respectfully recommended that Plaintiff's claims against C/O Kopelic, C/O Fisher, C/O Shromer, Lt. Thomas, Lt. Walters, Lt. Washabaugh, Ms. Fulmer, C/O Shultz, C/O Tressler, James Barnacle, B.M. Decker, Lt. Abbott, C/O Sweitzer, Sgt. Blythe, C/O Murphy, Lt. Kim, Lt. Lindsey, C/O Rose, Zachary Moslak and Brian Hyde be dismissed with prejudice as amended would be inequitable and futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (dismissal is appropriate where amendment "would be inequitable or futile.").

As to Defendants Mr. Caro, Major Tiller, Lt. Killinger, Lt. Kasterko (named in the body of the complaint only), Ms. Laffe, and Ms. Fulmer, Plaintiff pleads no discernable causes of action against them and only alleges that they were present at one of Plaintiff's PRC review hearings. Therefore, the complaint contains no well-pleaded facts supporting any discernable cause of action and it is respectfully recommended that Plaintiff's claims be dismissed with prejudice as to Defendants Mr. Caro, Major Tiller, Lt. Killinger, Lt. Kasterko (named in the body of the complaint only), Ms. Laffe, and Ms. Fulmer as amendment would be inequitable and futile. *Phillips*, 515 F.3d at 245.

Turning to the substance of the pending motions to dismiss, Defendants seek for the court to blanket dismiss Plaintiff's complaint for failure to comply with Rule 8.   While Defendants' argument is well-taken, in the interests of justice and considering the leniency afforded to pro se litigants, the Court will consider all well-pleaded factual allegations set forth in Plaintiff's

amended complaint.  However, the Court will not consider his conflated and rambling causes of action that span fifty-six (56) paragraphs and will instead discern causes of action that Plaintiff purports to bring based only on well-pleaded facts to determine whether he has stated a claim.[1]

Therefore, the Court will discern from Plaintiff's well-pleaded factual allegations as setting forth the following claims:

1. An Eighth Amendment excessive force claim pursuant to 42 U.S.C. § 1983 against C/O Medva, Sgt. Porborsky, C/O Gerber, the John/Jane Does Corrections Officers who jumped on top of Plaintiff, the John/Jane Doe Correction Officer who sprayed Plaintiff with O/C Spray for the altercation between Plaintiff and C/O Medva that occurred on November 7, 2017;

2. Assault/Battery claims under Pennsylvania law against C/O Medva, C/O Gerber, the John/Jane Does Corrections Officers who jumped on top of Plaintiff, the John/Jane Doe Correction Officer who sprayed Plaintiff with O/C Spray for the altercation between Plaintiff and C/O Medva that occurred on November 7, 2017;

3. An Eighth Amendment conditions of confinement claim pursuant to 42 U.S.C. § 1983 for refusing to provide meals to Plaintiff from November 8, 2017 to November 9, 2017 against C/O Marks, C/O Bornstar, Lt. Turner, C/O Lomonde, Sgt. Whitacre, C/O Caputa;

4. An Eighth Amendment deliberate indifference claim pursuant to 42 U.S.C. § 1983 against PA Kauffman;

5. A Fourteenth Amendment substantive due process claim pursuant to 42 U.S.C. § 1983 for fabricating a misconduct against C/O Marks; and

6. A First Amendment claim pursuant to 42 U.S.C. § 1983 for opening his legal mail against C. Wiegle.

*ii.  Personal Involvement/Supervisor Liability*

---

[1]     To the extent that the undersigned has not construed Plaintiff's amended complaint as setting forth a specific cause of action, Plaintiff's kitchen sink approach to pleading causes of action is insufficient to set forth specific causes of action under Rule 8 and any cause of action not specifically addressed are recommended dismissed for noncompliance with Rule 8.  *Binsack*, 438 F. App'x 158 (dismissal under Rule 8 is appropriate when a complaint leaves "the defendants having to guess what of the many things discussed constitute[s]" a cause of action); *Tillio*, 441 F. App'x 109 (dismissal is appropriate under Rule 8 where the complaint is so "rambling and unclear" and does not allow a defendant to appropriately respond).

"A plaintiff raising a claim under Section 1983 must allege a violation of a right secured by the Constitution or the laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Wilkins v. Berks Cnty. Jail Sys.*, No. CV 15-5448, 2017 WL 2591943, at *4 (E.D. Pa. June 14, 2017). To establish personal liability against a defendant in a section 1983 action, the defendant must have personal involvement in the alleged wrongs. That is, the state actor must have played an affirmative part in the alleged misconduct to be subject to liability. *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Plaintiff names the following individuals as Defendants for denying and affirming denials and dismissing appeals of Plaintiff's grievance related to the fight with C/O Medva: Defendants Christie Schenck Am. Compl. (ECF No. 57) at ¶ 26; Lt. Boyce *id*. at ¶ 110; Melissa Hainsworth *id*. at ¶ 114; Dorina Varner *id*. at ¶ 115; Keri Moore *id*. at ¶ 115; Al Joseph *id*. at ¶¶ 138,139; and Wiggins *id*. at ¶ 206.  These Defendants should be dismissed, as "simply reviewing and denying grievances does not satisfy the 'personal involvement' requirement for section 1983 claims." *Woodell v. Weiner*, No. CV 18-1098, 2020 WL 5294308, at *11 (E.D. Pa. Sept. 4, 2020) (collecting cases).  Accordingly, it is respectfully recommended that Plaintiff's claims against Defendants Christie Schenck, Lt. Boyce, Melissa Hainsworth, Dorina Varner, Keri Moore, Al Joseph and Wiggins be dismissed with prejudice as amendment would be inequitable and futile. *Phillips*, 515 F.3d at 245.

Next, Plaintiff names several Defendants based on their position as supervisors.  There are "two general ways" in which a supervisor-defendant may be liable for civil rights violations: (1) where the supervisor established a policy, custom or practice that caused the harm; or (2) where

the supervisor personally participated in the constitutional violation. The United States Court of Appeals for the Third Circuit has explained these two general types of supervisory liability as follows: First, liability may attach if the supervisor, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). Second, "a supervisor may be personally liable under [section] 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in the subordinate's unconstitutional conduct. *Id.* (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190–91 (3d Cir. 1995)). "Failure to" claims—failure to train, failure to discipline, or failure to supervise – are generally considered a subcategory of policy or practice liability. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316–19 (3d Cir. 2014).

Plaintiff names numerous Defendants based on supervisor liability, including Melissa Hainsworth, E. Tice, C. Wadsworth, B. Salamon, Overmyer, Caro, and Pyle. Plaintiff's complaint asserts no discernable personal involvement of Defendants Hainsworth, Tice, Wadsworth, Salamon, Overmyer or Caro. Plaintiff claims that Ms. Pyle told Plaintiff he was placed in the STGMU because he assaulted a corrections officer, however this sole allegation is insufficient to show personal involvement of Ms. Pyle or that she made the decision to place Plaintiff in the STGMU or how that somehow violated Plaintiff's constitutional rights. Accordingly, it is respectfully recommended that Plaintiff's claims against Defendants Melissa Hainsworth, E. Tice, C. Wadsworth, B. Salamon, Overmyer, Caro, and Pyle be dismissed with prejudice as amendment would be inequitable and futile. *Phillips*, 515 F.3d at 245.

   *iii.  Persons under Section 1983*

13

Plaintiff names SCI Somerset Security Department and SCI Somerset Mailroom as Defendants. These entities are not "persons" for purposes of section 1983 liability, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), and it is respectfully recommended that Plaintiff's claims against Defendants SCI Somerset Security Department and SCI Somerset Mailroom be dismissed with prejudice as amendment would be futile. *Phillips*, 515 F.3d at 245.

> #### iv.  Allegations that fail to state a claim

Plaintiff complains of many incidents that are not recognized causes of action. Specifically, Plaintiff complains about verbal threats, failure to transfer him to a separate facility, failure to give him a phone call, a single cell search, and vague complaints regarding his conditions of confinement, all of which do not state a constitutional claim as explained below.

Plaintiff complains of threats made by various Corrections Officers, but "[i]t has been long recognized that mere verbal threats, in and of themselves, do not give rise to constitutional violations, and are thus not actionable under § 1983." *Jacobs v. Bayha*, No. CIV.A. 07-237, 2010 WL 3895768, at *4 (W.D. Pa. Sept. 30, 2010) (collecting cases); accord *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 698 (M.D. Pa. 2015) ("[M]ere verbal harassment is not actionable under § 1983." (collecting cases)); *Green v. Thoryk*, 30 F. Supp. 2d 862, 864 (E.D. Pa. 1998) ("[V]erbal threats without subsequent harm or threat of harm do not ordinarily rise to the level of a section 1983 deprivation." (collecting cases)).  Accordingly, any claims that Plaintiff purports to bring based on verbal threats made by various Corrections Officers should be dismissed with prejudice, as amendment would be futile. *Phillips*, 515 F.3d at 245.

Next, Plaintiff complains that his civil rights were violated in connection with his failure to be transferred until he served his time in disciplinary custody and claims that V.M. McClelland

and Counselor Ritenour were responsible for him not being transferred to another facility. Am. Compl. (ECF No. 57) at ¶ 141. "However, inmates have no due process right to choose their specific place of confinement." *Roberts v. Velez*, No. CIV.A. 11-1198 SDW, 2011 WL 2745939, at *4 (D.N.J. July 12, 2011) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245–46, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983) and *Meachum v. Fano*, 427 U.S. 215, 224–25, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976)).  Accordingly, it is respectfully recommended that any claim Plaintiff purports to bring in connection with a belated transfer to a different facility should be dismissed with prejudice, as amendment would be futile. *Phillips*, 515 F.3d at 245.

Next, Plaintiff complains that he was not given the opportunity to call his family during a death in the family and was unable to write to them because they were out of town and claims Ms. Laffe and Counselor Ritenour are responsible for this failure. Am. Compl. (ECF No. 57) at ¶¶ 146-149.  "[P]risoners 'ha[ve] no right to unlimited telephone use,' and reasonable restrictions on telephone privileges do not violate their First Amendment rights." *Almahdi v. Ashcroft*, 310 F. App'x 519, 522 (3d Cir. 2009) (per curiam) (quoting *Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994)). Conclusory allegations such as these "concerning [prisoner's] lack of phone access to friends and family" fails to state a claim. *Aruanno v. Johnson*, 568 F. App'x 194, 195 (3d Cir. 2014) (per curiam). *See also Thomas v. City of Philadelphia*, No. 21-CV-0441, 2021 WL 1614411, at *7 (E.D. Pa. Apr. 23, 2021).  It is therefore respectfully recommended that Plaintiff's claims for not getting the opportunity to call his family on a single occasion be dismissed with prejudice as amendment would be futile. *Phillips*, 515 F.3d at 245.

Plaintiff claims that Sgt. Whitacre, C/O Scott, C/O Bornstar, C/O Scott, C/O Gibson, C/O Yingling, and C/O Reeseman engaged in a retaliatory cell search on one occasion. Am. Compl. (ECF No. 57) at ¶¶ 174-180.  "[C]ell searches, even if done solely for the purpose of harassment,

do not rise to a sufficiently serious objective deprivation of life's necessities." *Banks v. Beard*, No. 2:03CV659, 2006 WL 2192015, at \*10–11 (W.D. Pa. Aug. 1, 2006) (citing *Vigliotto v. Terry*, 873 F.2d 1201 (9th Cir. 1989)).  Cell searches will be found unconstitutional where the frequency and motive are "capable of supporting a finding of cruel and unusual punishment." *Id.*  A single cell search, even if done for the purposes of harassment, does not rise to the level of a constitutional violation. *Vigliotto*, 873 F.2d at 1203.  Accordingly, it is respectfully recommended that Plaintiff's claims related to his cell search be dismissed with prejudice, as amendment would be futile. *Phillips*, 515 F.3d at 245.

As for Plaintiff's claims that when he was in disciplinary custody for 315 days, he was not able to shower, use a razor or go to the yard for that period of time, that on a separate occasion that he did not have a blanket, sheets or a pillowcase for a month, and his general complaint that he did not receive mental health treatment, Plaintiff does not provide any meaningful indication of what Defendants were allegedly involved in the conduct described.  These facts are not enough to raise Plaintiff's right to relief above the speculative level, is insufficient to state a claim for relief that is plausible on its face and does not allow a court to draw a reasonable inference that any named Defendant is liable for the conduct alleged. *Bell Atlantic Corp.*, 550 U.S. at 555–56.  Accordingly, it is respectfully recommended that any claims purporting to assert constitutional violations based on this conduct be dismissed with prejudice, as amendment would be inequitable and futile. *Phillips*, 515 F.3d at 245.

### v.  Remaining Claims

In the interests of justice, the Court will discuss Plaintiff's purported claims from his well-pleaded allegations.

### 1.  Eighth Amendment Excessive Force Claim

Plaintiff claims that C/O Medva, Sgt. Porborsky, C/O Gerber and unnamed Corrections Officers engaged in excessive force in violation of the Eighth Amendment when they jumped on top of Plaintiff for getting out of the meal line and engaged in an altercation with Plaintiff which resulted in him being pepper sprayed, having bruises and cuts on his face and head and a fractured ankle.

The Eighth Amendment's protection against cruel and unusual punishment is the "primary source of substantive protection in cases where an inmate challenges a prison official's use of force as excessive and unjustified." *Brooks v. Kyler*, 204 F.3d 102, 105 (3d Cir. 2000). The core inquiry of an excessive force claim is " 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm'." *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010) (per curiam) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)). The prisoner need not show significant injury to state an excessive use of force claim. *Hudson*, 503 U.S. at 8. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9–10. The core inquiry of an excessive force claim is " 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm'." *Wilkins*, 559 U.S. at 37 (per curiam) (quoting *Hudson*, 503 U.S. at 7). In making this determination, the Court must examine the need for the application of force, the relationship between the need and the amount of force used, the extent of injury inflicted, the extent of threat to the safety of staff and inmates, and any efforts to temper the severity of a forceful response. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). The application of the *Whitley* factors to any given case is necessarily fact specific.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9.

It is possible that discovery may reveal that the use of force was excessive and unjustified, as Plaintiff alleges that he was complying with C/O Medva's direction and had his hands on the wall when C/O Medva slammed Plaintiff to the ground and began to "scuffle" with Plaintiff, and while Plaintiff was on the ground six to eight other Corrections Officers piled on top of him, while C/O Gerber punched Plaintiff with an object in his back, and C/O Medva grabbed and twisted Plaintiff's right foot until Plaintiff's ankle popped.  Plaintiff claims that while he was cuffed, an unnamed C/O sprayed Plaintiff with O/C spray with two bottles of spray, and then C/O Medva proceeded to "sucker punch" Plaintiff in the back of his head and his face while other staff kept Plaintiff pinned on the ground, and once the unnamed Lieutenant arrived with a camera, the altercation stopped.  Plaintiff claims that Sgt. Porborsky is present during this and failed to act. Am. Compl. (ECF No. 57) ¶¶ 69-97.  Accordingly, Plaintiff has stated a claim for excessive force under the Eighth Amendment against C/O Medva, C/O Gerber, Sgt. Porborsky, the unnamed Defendants who held Plaintiff down, and the unnamed Defendant who sprayed Plaintiff with two cans of O/C spray while he was cuffed, and it is respectfully recommended that their motion to dismiss be denied in this respect.  To the extent that Plaintiff has not adequately named the John/Jane Doe Defendants, it is respectfully recommended that these claims proceed through discovery to reveal the identities of said individuals and the Court set a deadline to substitute the John/Jane Doe Defendants.

## 2.  Assault/Battery Claims under Pennsylvania Law

Plaintiff likewise alleges assault and battery claims under Pennsylvania law against C/O Medva, C/O Gerber, the John/Jane Doe Corrections Officers who jumped on top of Plaintiff and

the John/Jane Doe Corrections Officer who sprayed him with two cans of O/C Spray while he was cuffed.  Under Pennsylvania law, "officials charged with the custody of prisoners are privileged to use force which is reasonable under the circumstances to maintain control of their charges." *Picariello v. Fenton*, 491 F. Supp. 1026, 1038 (M.D. Pa. 1980).  "While corrections officers have the authority to use necessary force under appropriate circumstances, the reasonableness of this force in relation to their employment duties determines whether particular conduct is considered an assault and battery." *Bakhtiari v. Spaulding*, No. 1:17-CV-00016, 2017 WL 2778524, at *6 (M.D. Pa. June 27, 2017).  Plaintiff has stated sufficient facts to infer that the force used against him was unreasonable, and these claims should proceed to discovery.  Accordingly, it is respectfully recommended that Defendants' motion to dismiss be denied in this respect.

### 3.   Eighth Amendment Conditions of Confinement – Refusal to Provide Meals

Plaintiff claims that his constitutional rights were violated when C/O Marks, C/O Bornstar, Lt. Turner, C/O Lomonde, Sgt. Whitacre, C/O Caputa refused to provide meals to him from November 8, 2017 to November 9, 2017.

Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)).  "Prison conditions may amount to cruel and unusual punishment if they cause 'unquestioned and serious deprivations of basic human needs ... [that] deprive inmates of the minimal civilized measure of life's necessities.'" *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 417–18 (3d Cir. 2000) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)) (alteration and omission in original).  "To demonstrate a deprivation of his

basic human needs, a plaintiff must show a sufficiently serious objective deprivation, and that a prison official subjectively acted with a sufficiently culpable state of mind, i.e., deliberate indifference." *Id.* at 418 (citation omitted). The United States Court of Appeals for the Third Circuit has recognized that "only a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim." *Lindsey v. O'Connor*, 327 F. App'x 319, 321 (3d Cir. 2009) (emphasis added).

Plaintiff's allegations that he was denied four meals – two breakfasts and two lunches – over a period of two days does not rise to the level of a substantial deprivation of food to set forth a viable Eighth Amendment claim. *Zanders v. Ferko*, 439 F. App'x 158 (3d Cir. 2011) (alleged deprivation of three meals over two days fails to rise to the level of a constitutional violation even where prisoner was diabetic). *See also Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (one meal a day for fifteen days did not violate the Eighth Amendment where the caloric content of the meal sustained normal health); *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days was not an Eighth Amendment violation); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (same)). Accordingly, Plaintiff has failed to adequately allege how he was deprived of the minimal civilized measure of life's necessities, and it is therefore respectfully recommended that his Eighth Amendment conditions of confinement claim against C/O Marks, C/O Bornstar, Lt. Turner, C/O Lomonde, Sgt. Whitacre, C/O Caputa be dismissed with prejudice, as amendment would be futile. *Phillips*, 515 F.3d at 245.

4.   Eighth Amendment Deliberate Indifference – Medical Care

Plaintiff alleges that PA Kauffman was deliberately indifferent to his medical needs when he failed to take photographs of his injuries and gave him a belated X-ray and he disagreed with his course of treatment.

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104. This indifference can manifest in an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990). It is well-settled that "an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim." *Tillery v. Noel*, No. 3:18-CV-783, 2018 WL 3521212, at *5 (M.D. Pa. June 28, 2018) (collecting cases). Such complaints fail as constitutional claims because "the exercise by a doctor of his professional judgment is never deliberate indifference." *Gindraw v. Dendler*, 967 F. Supp. 833, 838 (E.D. Pa. 1997) (citing *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.")).

When it comes to claims of deliberate indifference, there is a "critical distinction" between allegations of a delay or denial of a recognized need for medical care and allegations of inadequate medical treatment. *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) (quoting *U. S. ex rel. Walker v. Fayette Cnty., Pa.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)). A claim alleging the delay or denial of medical treatment, which like other forms of scienter, can be proven through circumstantial evidence and witness testimony. *Id.* But "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). Furthermore, courts "disallow any attempt to second-guess the propriety or adequacy of a particular course of

21

treatment ... [which] remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)) (alterations in original). "[I]t is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown*, 903 F.2d at 278. "Mere disagreements as to the proper medical treatment [does not] support a claim of an [E]ighth [A]mendment violation." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 324 (3d Cir. 1987); *see also Durmer*, 991 F.2d at 67 (explaining that deliberate indifference requires something "more than negligence").

Here, Plaintiff's complaint that PA Kauffman failed to take photographs of his injuries does not constitute a delay or denial of a recognized need for medical care, and he has not stated a claim for deliberate indifference based on that allegation. Likewise, the delay in Plaintiff receiving an X-ray does not rise to the level of a constitutional violation. According to Plaintiff, he was injured on November 7, 2017 and received an X-ray on December 20, 2017. Plaintiff does not allege that this delay was caused for non-medical reasons, or that the delay resulted in suffering or any risk of injury. Accordingly, Plaintiff has failed to state a claim for deliberate indifference against PA Kauffman, and it is respectfully recommended that his claims against PA Kauffman be dismissed with prejudice, as amendment would be futile. *Phillips*, 515 F.3d at 245.

5. <u>Fourteenth Amendment Substantive Due Process – Fabricated Misconduct</u>

Plaintiff vaguely claims that his constitutional rights were violated when C/O Marks fabricated a misconduct against him. Plaintiff provides no explanation as to what was fabricated in the misconduct, or how the purported fabrication violated his due process rights.[2] These facts

---

[2]     Plaintiff's allegations regarding the fabricated misconduct does not adequately set forth a First Amendment claim, as he does not claim that he was issued a false misconduct in retaliation

are not enough to raise Plaintiff's right to relief above the speculative level, are insufficient to state a claim for relief that is plausible on its face and does not allow a court to draw a reasonable inference that any constitutional violation occurred. *Bell Atlantic Corp.*, 550 U.S. at 555–56. Accordingly, it is respectfully recommended that Plaintiff claims related to the allegedly fabricated misconduct by C/O Marks be dismissed with prejudice, as amendment would be inequitable and futile. *Phillips*, 515 F.3d at 245.

### 6.  First Amendment – Legal Mail

Lastly, Plaintiff claims that on June 11, 2018, he received a letter from his attorney that was already opened by the mailroom and claims that Defendant C. Wiegle is responsible as the mailroom supervisor.

Prisoners "do not forfeit their First Amendment right to the use of the mails," which includes the right to privileged legal mail exchanged with counsel, *Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995), and when there is a pattern and practice of opening prisoners' legal mail outside of their presence, this impinges upon the prisoners' First Amendment rights. *Taylor v. Oney*, 196 F. App'x 126, 128 (3d Cir. 2006).  However, an isolated incident of opening legal mail outside of a prisoners' presence without evidence of an improper motive, like Plaintiff describes here, "is insufficient to establish a First Amendment violation."  *Folk v. Bureau of Prisons*, No. 3:18-CV-2252, 2020 WL 3304132, at *1–2 (M.D. Pa. June 18, 2020) (collecting cases). Accordingly, it is respectfully recommended that Plaintiff's First Amendment claim be dismissed

---

for engaging in a protected activity; instead, his complaint can best be interpreted as alleging he was issued a false misconduct for engaging in a fight with C/O Medva – which does not qualify as protected activity under the First Amendment. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Crutcher v. Colombo*, No. 21-1116, 2021 WL 6803114, at *3 (6th Cir. Nov. 29, 2021) ("A claim of retaliation under § 1983 requires proof that a plaintiff engaged in activity protected by the First Amendment, *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012), and a physical fight is not protected activity.").

with prejudice, as amendment would be futile. *Phillips*, 515 F.3d at 245.

      d.  <u>Conclusion</u>

For these reasons, it is respectfully recommended that the Corrections Defendants' motion to dismiss be granted in part and denied in part and PA Kauffman's motion to dismiss be granted. Specifically, it is respectfully recommended that Plaintiff's claims for Eighth Amendment excessive force pursuant to 42 U.S.C. § 1983 against C/O Medva, Sgt. Porborsky, C/O Gerber and the John/Jane Doe Corrections Officers, and for assault and battery under Pennsylvania law against C/O Medva, C/O Gerber, and the John/Jane Doe Corrections Officers survive dismissal and proceed to discovery and all other claims and Defendants be dismissed with prejudice.

Any party may file objections to this Report and Recommendation to the assigned United States District Judge.  In accordance with 28 U.S.C. § 636(b), Fed. R. Civ. P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, must file objections, if any, to this Report and Recommendation by **August 19, 2022** and Defendants, because they are electronically registered parties, must file objections by **August 16, 2022.**  The parties are cautioned that failure to file objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated: August 2, 2022.                      Respectfully submitted,
                                           <u>s/ Cynthia Reed Eddy</u>
                                           Cynthia Reed Eddy
                                         Chief United States Magistrate Judge


cc:    Honorable Stephanie L. Haines
       United States District Judge
       *via electronic filing*

       Brandon Dante Barnes
       JZ 4781

SCI Camphill
2500 Lisburn Road
Camp Hill, PA 17011

Attorneys for Defendants
*via electronic filing*