CLD-179
# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **22-2955**

BRANDON DANTE BARNES, Appellant

    VS.

CO KYLE MEDVA; ET AL.

    (W.D. Pa. Civ. No. 3-19-cv-00202)

Present:    SHWARTZ, MATEY, and FREEMAN, Circuit Judges

    Submitted are:

    (1)    Appellant's motion to reopen and stay this appeal;

    (2)    Appellant's motion for leave to appeal in forma pauperis and affidavit in support thereof, pursuant to Rule 24, Federal Rules of Appellate Procedure;

    (3)    By the Clerk, listing this appeal for possible dismissal due to a jurisdictional defect;

    (4)    Appellee Ellis Kaufman's motion to quash this appeal; and

    (5)    "Response of the Correctional Appellees Supporting the Entry of an Order Dismissing This Appeal for Lack of Jurisdiction"

    in the above-captioned case.

_____ORDER_____

      Appellant's motion to reopen this appeal is granted, as is his motion to proceed in forma pauperis. Appellant is required to pay the full $505 filing and docketing fees in installments regardless of the outcome of the appeal. We hereby direct the warden or his or her designee to assess an initial fee of 20% of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the notice of appeal. The warden, or his or her designee, shall calculate, collect, and forward the initial payment assessed in this order to the Clerk of the United States District Court for the Western District of Pennsylvania. In each succeeding month when the amount in the prisoner's account exceeds $10, the warden, or his or her designee, shall forward payments to the Clerk of the United States District Court for the Western District of Pennsylvania equaling 20% of the preceding month's income credited to the prisoner's account until the fees are paid. Each payment shall reference the appellate docket number for this appeal. The warden, or his or her designee, shall forward payments to the appropriate courts simultaneously if there are multiple orders.

      This appeal is dismissed for lack of jurisdiction. Absent exceptions that do not apply here, our appellate jurisdiction is limited to reviewing "final decisions of the district courts." 28 U.S.C. § 1291. A district court decision that does not resolve all claims against all parties is generally not immediately appealable under § 1291 unless that court certifies the decision as a final judgment pursuant to Federal Rule of Civil Procedure 54(b). See Hill v. City of Scranton, 411 F.3d 118, 124 & n.8 (3d Cir. 2005). In this case, the District Court's September 21, 2022 order that is the subject of this appeal did not resolve all claims against all parties, and the District Court has not certified that order under Rule 54(b). Appellant's motion to stay this appeal is denied, and we note that our dismissal of this appeal does not prevent Appellant from filing a new notice of appeal once the District Court enters a final order in his case. At this time, we take no position on the merits of such an appeal. To the extent that Appellant seeks any other relief from us now, that relief is denied. Appellee Ellis Kaufman's motion to quash this appeal is denied as moot.

By the Court,

Arianna J. Freeman
Circuit Judge

Dated: July 28, 2023
Amr/cc: All counsel of record

**A True Copy:**

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate