IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHNSTOWN

| | | |
|---|---|---|
| BRANDON DANTE BARNES, | ) | |
| | ) | |
| | ) | 3:19-CV-00202-SLH-CRE |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CO KYLE MEDVA, SARGEANT | ) | |
| POBORSKY, C.O. GERBER, | ) | |
| | ) | |
| | ) | |
| Defendants, | | |

**MEMORANDUM ORDER**

I. **Introduction**

Presently before the Court are the following:

1. A motion to compel discovery by Plaintiff Brandon Dante Barnes (ECF No. 121);
2. A motion for sanctions by Plaintiff (ECF No. 125);
3. A motion to compel discovery by Plaintiff (ECF No. 127);
4. A motion to stay discovery by Plaintiff (ECF No. 130); and
5. A motion to amend caption of the case by Plaintiff (ECF No. 133).

Defendants responded to the motions (ECF No. 140) and Plaintiff filed a reply. (ECF No. 143).

II. **Standard of Review – Motion to Compel**

If a party believes in good faith that another party has failed to respond adequately or appropriately to a discovery request, the party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). The rule specifically permits a party to file a motion to compel the production of documents. Fed. R. Civ. P. 37(a)(3)(iv). Here, Plaintiff seeks the court to compel answers to interrogatories and requests for production of documents. Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters which are

1

"committed to the sound discretion of the district court." *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d Cir. 1974); *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. *Marroquin-Manriquez*, 699 F.2d at 134. This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters.

This discretion is guided, however, by certain basic principles. The general framework for determining the scope of allowable discovery for cases in federal courts is provided by Federal Rule of Civil Procedure 26(b), which provides as follows:

> (b)    Discovery Scope and Limits.
>
> > (1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense  and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

Generally, courts afford considerable latitude in discovery to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). The polestar of discovery is relevance, which, for discovery purposes, is interpreted broadly. "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Evidence is considered relevant "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time,

or needlessly presenting cumulative evidence." Fed. R. Evid. 403. When there is no doubt about relevance, a court should tend toward permitting discovery. *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 556 (7th Cir. 1984)).

Fed. R. Civ. P. 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. "The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." *Option One Mortg. Corp. v. Fitzgerald*, No. 3:07-CV-1877, 2009 WL 648986, at *2 (M.D. Pa. Mar. 11, 2009) (citation omitted).

### III. Discussion

    a. *Plaintiff's Motions to Compel (ECF Nos. 121, 127) and Motion for Sanctions (ECF No. 125)*

Plaintiff asks the Court to compel an answer to an interrogatory, several requests for production of documents regarding institutional policies and procedures, production of emails between Correctional Officers ("C/Os"), and production of video footage. Each of Plaintiff's requests are denied.

First, Plaintiff asks the court to compel an answer to the interrogatory: "Defendants C/O Kyle Medva, C/O Gerber, and Sergeant Poborsky isn't it true that at the time of November 7, 2017 the Defendants C/O Medva and C/O Gerber including six John/Jane Doe Correctional Officers either individually or in concert with each other, deprived or sought to deprive Plaintiff of rights, privileges and immunities secured to him by the Constitution of laws of the United States?" (ECF No. 121). Defendants objected to the interrogatory stating: "This Interrogatory calls for a legal

conclusion, to which Defendants are not qualified to give. By way of further response, the purpose of the litigation is to determine if Defendants violated Plaintiff's 8th Amendment rights; this issue cannot be decided by a single Interrogatory, but rather through the litigation process and the Judge's decision. Without waiver of the objection: ANSWER BY ALL DEFENDANTS: No." *Id*.

Defendants' objection is sustained and Plaintiff's motion to compel is denied. Defendants' answer was proper, as Plaintiff is seeking a legal conclusion.

Plaintiff next asks the Court to compel an answer to his request for production of documents which includes "any designated documents or electronically stored information including emails, directives, policies, customs or practices supervisors provided to the Defendants in their capacities as Correctional Officers in reference to good-faith efforts to maintain or restore discipline." (ECF No. 121 at 6). Defendants objected to this request and stated it is "vague, and unclear as to what specifically is being asked." *Id*. Defendants further directed Plaintiff that all DOC handbooks and policies are available on the DOC website, and he may schedule library time to view these policies. *Id*.

Defendants' objection is sustained and Plaintiff's motion to compel is denied. His request is vague and overbroad and any policy he seeks may be obtained through his own means.

Next, Plaintiff asks the Court to compel an answer to his request for production of documents which includes "practices, policies and customs of being able to maliciously and sadistically jump on an inmate who merely attempts to speak with a Sergeant, cuff him and spray him with O/C spray, merely for seeking guidance in refence to leaving a block that ran out of daily meals, and requesting to be permitted to go to a block that has meals being served." (ECF No. 121 at 2). Defendants objected to the request as overboard, vague and unclear, and stated that there

are no DOC policies that permit staff to "maliciously and sadistically jump on an inmate" and Defendants specifically deny this behavior. *Id*.

Plaintiff's motion to compel is denied, as Defendants provided a proper response to his request that no such policy exists.

Next, Plaintiff asks the Court to compel an answer to his request for production of documents which includes "any designated documents or electronically stored information including emails, directive, memos, or data compilations describing similar complaints against C/O Medva, Sergeant Porborsky, C/O Gerber, and the John/Jane Doe Corrections Officers as in Plaintiff's pro se Civil Action Complaint in reference to the incident on November 7, 2017." *Id*. at 2. Defendants objected to this request as vastly overbroad, as no time frame is listed and that his request is over-encompassing and non-sensical and not relevant to Plaintiff's own claims. Defendants further respond that no Defendant was disciplined and/or reprimanded for his conduct in this incident.

Defendants' objection is sustained and Plaintiff's motion to compel is denied. Plaintiff's request is vastly overbroad and not relevant to the claims in his lawsuit.

Next, Plaintiff asks the Court to compel an answer to his request for any film obtained by a security video camera concerning the incident on November 7, 2017 involving Plaintiff and Defendants. *Id*. at 3. Defendants respond that the video retained as part of EOR 2017-SMR-00356 has been sent to Plaintiff's present institution on the same date as this response. Plaintiff responds that when he viewed the videos, only one of two videos worked. Plaintiff further filed a separate duplicative motion to compel regarding this video, (ECF No. 127), and a motion for spoliation and sanctions for the video footage arguing that video footage from at least three cameras was intentionally destroyed and it does not depict the full altercation. (ECF No. 125).

Defendants respond that "all reports comp[il]ed by the Department of Corrections reflect that all available video was retrieved; however, there was no video of the initial incident. All available video picks up at the point where Plaintiff is on the ground and is being restrained. There is nothing further to provide." (ECF No. 140 at ¶ 17). Defendants further respond that any motion for sanctions or spoliation is premature. *Id*. at ¶ 17.

Because Defendants maintain that all video footage that is in their possession was produced, the Court must deny Plaintiff's motion to compel as moot. As for Plaintiff's motion for spoliation/sanctions, his request is premature and should his claims survive summary judgment, he may resubmit his motion for sanctions related to the video not including what Plaintiff maintains is the crux of his claims – the beginning of the altercation.

Next, Plaintiff asks the Court to compel answers to his request for any documents regarding Defendants' current job title and a copy of their job description. (ECF No. 121 at 3). Defendants object to the request as not relevant, but notwithstanding, informed Plaintiff that all Defendants were Corrections Officers at the time of the incident and provided Plaintiff with a copy of the general Corrections Officers' job description. *Id*.

Plaintiff's motion to compel is denied, as Defendants provided him with the information and documents he has requested.

Next, Plaintiff asks the Court to compel production of all policies, directives and instructions provided to Defendant Porborsky as the Correctional Officer in charge on November 7, 2017 and "permitting him to acquiesce in his subordinates' unconstitutional conduct by way of jumping Plaintiff, beating him up after being cuffed and subdued resulting in Plaintiff being pepper sprayed, having bruises and cuts on his face and head and a fractured ankle." *Id*. at 4. Defendants

responded that no DOC policies exist which permit staff to "acquiesce to unconstitutional conduct" and there is no evidence that Defendant Porborsky behaved in this manner.

Plaintiff's motion to compel is denied, as Defendants have adequately responded to his request.

### b. *Plaintiff's Motion to Stay Discovery (ECF No. 130)*

Plaintiff asks the Court to stay discovery so that he can investigate the missing video footage by deposing a Security Captain and having an investigator investigate where all cameras are located that could have captured the altercation. Plaintiff's request to stay discovery is denied without prejudice. Following the Court's decision on motion(s) for summary judgment, should it become necessary to hold an evidentiary hearing to determine Plaintiff's motion for sanctions on the allegedly missing footage, Plaintiff will be given the opportunity to request discovery at that time.

### c. *Plaintiff's Motion to Amend Caption of the Case (ECF No. 133)*

Lastly, Plaintiff moves to amend the caption of his case to include newly named Defendants. However, upon review of Plaintiff's brief, he is seeking to amend his complaint by adding new claims against new Defendants related to the allegedly destroyed camera footage. For example, Plaintiff seeks to add "Captain Bakos," and "LT Timothy Boyce" for failure to save and disclose all video footage. If Plaintiff seeks to add new claims against new Defendants, he shall file a motion to amend his complaint and submit a proposed second amended complaint therewith.

Plaintiff also seemingly seeks to identify the John/Jane Does which participated in the incident and substitute them as parties in this case: He alleges that Sgt. Leora Blythe pepper sprayed him while he was handcuffed, that C/O William Fisher handcuffed him and sat on his back and neck while allowing other staff to beat him, that C/O Ray Rose was present for the incident

and failed to intervene and did not turn on the handheld camera, that C/O Swietzer jumped on top of Plaintiff's leg while C/O Fisher was sitting on Plaintiff, and that C/O Eric Murphy participated in the alleged attack and failed to intervene. Plaintiff's motion to name these John/Jane Does is granted, and Plaintiff shall file a Second Amended Complaint. Plaintiff is cautioned that the only claims that remain in this case are an Eighth Amendment excessive force claim under 42 U.S.C. § 1983 and claims for assault and battery under Pennsylvania law against the John/Jane Doe Corrections Officers and Plaintiff shall file a second amended complaint including those claims only. *See* Rep. and Rec. (ECF No. 77) at 24 (adopted by Memorandum Opinion and Order (ECF Nos. 87, 88)).

### IV. Conclusion

Based on the foregoing, the following Order is entered:

AND NOW this, 21st day of February, 2024,

Plaintiff's motions to compel discovery (ECF Nos 121, 127) are denied; Plaintiff's motion for sanctions (ECF No. 125) is denied without prejudice; Plaintiff's motion to stay discovery (ECF No. 130) is denied without prejudice; and Plaintiff's motion to amend caption to include the identities of John/Jane Doe Defendants (ECF No. 133) is granted in part as set forth above. Plaintiff's second amended complaint is due by March 22, 2024.

SO ORDERED.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge