IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| BRANDON DANTE BARNES,<br><br>  Plaintiff,<br><br>vs.<br><br>CO KYLE MEDVA, SARGEANT POBORSKY, C/O FISHER, C.O. GERBER, CO SWEITZER, SGT. BLYTHE, CO MURPHY, LT. LINDSEY, CO ROSE,<br><br>  Defendants. | Civil Action No:<br>3:19-CV-00202-SLH-CBB<br><br>Stephanie L. Haines<br>United States District Judge<br><br>Christopher B. Brown<br>United States Magistrate Judge |

<u>**REPORT AND RECOMMENDATION**</u>
<u>**on ECF No. 149**</u>

**CHRISTOPHER B. BROWN, United States Magistrate Judge.**

I.   Recommendation

This civil action was initiated by Plaintiff Brandon Dante Barnes who is currently an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") State Correctional Institution at Rockview ("SCI-Rockview"). Barnes alleges various DOC officials violated his civil rights pursuant to 42 U.S.C. § 1983 while he was incarcerated at SCI-Somerset.[1]

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 which gives original subject matter jurisdiction to federal courts in civil cases arising under the

---

[1] Barnes names the following DOC officials as Defendants: C/O Kyle Medva ("C/O Medva"), Sargeant Poborsky ("Sgt. Poborsky"), C/O Fischer, C/O Gerber, C/O Sweitzer, Sgt. Blythe, C/O Murphy, Lt. Lindsey, and C/O Rose (collectively "Corrections Defendants").

1

Constitution, laws, or treaties of the United States. Venue is proper in this district, as the alleged acts and omissions giving rise to Plaintiffs' claims occurred at SCI-Somerset located in Somerset County, Pennsylvania in this district. *See* 28 U.S.C. § 118(c).

Presently pending before the Court is Barnes's motion for summary judgment. ECF No. 149. The motion is fully briefed and ripe for review. ECF Nos. 156, 159, 160, 161. For the reasons that follow, it is respectfully recommended that the Court deny Barnes's motion for summary judgment.

## II. Report

### a. Background

The claims remaining in this case involve an Eighth Amendment excessive force claim pursuant to 42 U.S.C. § 1983 and assault and battery claims under Pennsylvania law against Corrections Defendants in connection with an altercation between Barnes and Corrections Defendants occurring at SCI-Somerset. *See* ECF Nos. 77, 87, 88. Barnes claims he got out of the meal line and Corrections Defendants punched and kicked him, piled on top of him, pepper sprayed him and that he was handcuffed and compliant. ECF No. 149 at 2-4. Barnes claims that as a result of the altercation, he had bruises and cuts on his leg, face and head, a fractured ankle, loss of eyesight and a swollen eye. *Id.* at 3-4.

### b. Standard of Review – Fed. R. Civ. P. 56

The standard for assessing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is well settled. Rule 56(a) requires the court to

enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Loc. 514, United Broth. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287–88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn therefrom in favor of the nonmoving party. *Anderson*, 477 U.S. at 256. To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond its pleadings with affidavits, depositions, answers to interrogatories or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986). Facts set forth in a party's concise statement of material fact that are not "specifically denied or otherwise controverted by a separate concise statement" are deemed admitted. LCvR 56.E.

Barnes is proceeding *pro se* and entitled to a liberal reading of his pleadings and documents filed in support of the pending motion. *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("[t]he obligation to liberally construe a pro se litigant's pleadings is well-established."). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Nonetheless, at the summary judgment stage of the proceedings, the Court need not credit bald assertions or legal conclusions unaccompanied by evidentiary support. *Celotex Corp.*, 477 U.S. at 324. "[A] pro se plaintiff is not relieved of his obligation under [Federal Rule of Civil Procedure] 56 to point to competent evidence in the record that is capable of refuting a defendant's motion for summary judgment." *Alston v. Little*, No. 1:22-CV-00183-SPB, 2024 WL 3048017, at *2 (W.D. Pa. May 28, 2024) (quoting *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017)) (citation omitted).

### c. Discussion

Barnes moves for summary judgment on the basis that "[s]ummary judgement(sic) should not be granted to the Defendants on Plaintiff[']s 8th Amendment claims because genuine issues of material facts are in dispute." ECF No. 149 at 1. Barnes also argues "summary judgement(sic) is inappropriate for []

4

the defendants and they should be denied." *Id*. at 7.  Lastly, Barnes argues that Corrections Defendants are not entitled to qualified immunity. ECF Nos. 149 at 4-5; 159 at 6-7.

Corrections Defendants filed a notice with the Court representing that "[a]fter reviewing the remaining excessive force claims and the available record, the undersigned counsel has determined that a motion for summary judgment will not be filed on behalf of the Corrections Defendants." ECF No. 150 at ¶ 7.  Corrections Defendants respond that they agree with Barnes that there are disputed material facts that preclude summary judgment for either side. ECF No. 156 at 4. Corrections Defendants point out that while Barnes contends the physical force used against him was not undertaken in a good-faith effort to maintain or restore discipline, but rather was used maliciously and sadistically to cause harm, their own DOC investigators concluded that upon investigation of Barnes's claims there was no evidence to support his claims of abuse and the issues should be resolved by a jury. *Id*. (citing Investigative Summaries at ECF Nos. 156-1).

The purpose of a motion for summary judgment is to separate cases that require a jury to decide issues of material fact from cases that do not have enough factual foundation to support the claims alleged. *Anderson*, 477 U.S. at 248.  Barnes seemingly filed the present motion for summary judgment as a defensive tactic to preempt Corrections Defendants from seeking summary judgment, instead of as an offensive measure showing how he is entitled to summary judgment because no

5

material facts exist. For that reason alone, Barnes's motion for summary judgment should be denied.

Additionally, as the parties agree, there are genuine disputes of material facts as to whether the use of force was excessive under the Eighth Amendment.[2] Barnes maintains the use of force was excessive as he was compliant and in handcuffs when the altercation occurred, and the Corrections Defendants employed pepper spray. The Corrections Defendants maintain the use of force was necessary because Barnes refused orders to return to his housing unit, refused orders to comply, resisted handcuffs, and threw punches at Corrections Defendants. *See* ECF No. 156-1 at 9.

This situation presents a classic "he said / they said" scenario that turns on the credibility of the proponents. "It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate

---

[2] The Eighth Amendment's protection against cruel and unusual punishment is the "primary source of substantive protection in cases where an inmate challenges a prison official's use of force as excessive and unjustified." *Brooks v. Kyler*, 204 F.3d 102, 105 (3d Cir. 2000). The core inquiry of an excessive force claim is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The prisoner need not show significant injury to state an excessive use of force claim. *Hudson*, 503 U.S. at 8. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id*. at 9–10. The core inquiry of an excessive force claim is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm'." *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7). In making this determination, the Court must examine the need for the application of force, the relationship between the need and the amount of force used, the extent of injury inflicted, the extent of threat to the safety of staff and inmates, and any efforts to temper the severity of a forceful response. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The application of the *Whitley* factors to any given case is necessarily fact specific.

conclusion as to the facts." *Tennant v. Peoria & P. U. Ry. Co.*, 321 U.S. 29, 35 (1944). Because determinations of credibility are solely within the province of the fact finder – here, a jury – it is respectfully recommended that the Court deny Barnes's motion for summary judgment.

### III.   Conclusion

Based on the above, it is respectfully recommended that the Court deny Barnes's motion for summary judgment.

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72, and the Local Rules for Magistrates, the parties have until **February 10, 2025** to object to this report and recommendation.  Unless otherwise ordered by the District Judge, responses to objections are due fourteen days after the service of the objections.  Failure to file timely objections will waive any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: January 21, 2025.                                   Respectfully submitted,

                                                           s/ Christopher B. Brown
                                                           United States Magistrate Judge


cc:     Honorable Stephanie L. Haines
        United States District Judge
        *via electronic filing*

        BRANDON DANTE BARNES
        JZ 4781
        SCI ROCKVIEW
        Box A
        1 Rockview Place
        Bellefonte, PA 16823